GEORGE SPIRES v. THE MIDDLESEX AND MONMOUTH ELECTRIC LIGHT, HEAT AND POWER COMPANY.

Submitted December 5, 1903—Decided February 23, 1904.

While plaintiff was driving along a highway at night his horse fell down. He jumped from the wagon, and, while walking toward the horse to ascertain the cause of the trouble, was suddenly knocked down and rendered unconscious by a shock from a broken electric wire of the defendant, received either directly from the wire itself or through the body of his horse. The parting of the wire was caused by the falling upon it of a limb which broke

away from a near-by tree. No means of preventing the occurrence of such an injury to its wire had been provided by the defendant. *Held,* that the failure of the defendant to protect its wire justified a finding of negligence on its part by the jury. *Held, further,* that the question of the contributory negligence of the plaintiff was one to be determined by the jury, and not by the court.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the rule, *Thomas B. Hall.*

*Contra, Edmund Wilson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff in this case seeks to recover from the defendant company compensation for personal injuries received by him on the night of the 30th of May, 1902, under the following circumstances:   He was driving along the public highway leading from South Amboy to Cliffwood, with his family, when his horse fell down. He jumped from the wagon and walked toward the horse, in order to ascertain what the trouble was. As he approached the animal he was suddenly knocked down and rendered unconscious by a shock received from a broken electric light wire of the defendant company which lay across the road. Whether he actually came in contact with the wire itself or with the body of his horse (which was killed by the electric current) is uncertain from the evidence, although it seems more probable that he came in contact with the wire. On these facts the jury rendered a verdict in favor of the plaintiff. The defendant now asks a new trial upon three grounds—*first,* that no negligence was shown on the part of the company; *second,* because contributory negligence was shown on the part of the plaintiff; and *third,* because the damages are excessive.

We think the finding of the jury that the company was negligent was justified by the facts shown. The wire which was broken crossed the highway diagonally at the place where the accident happened. The parting of the wire was caused by the falling upon it of a heavy limb which had broken from a tree which stood some feet away. In view of the dangerous nature of a wire charged with a powerful electric current, corporations using public highways for wires that are so charged should exercise a high degree of care to keep the wires where travelers will not be likely to come in contact with them. The likelihood of such a wire being broken, by the falling of the limb of a tree upon it, is much lessened by a guard wire stretched over it and running parallel with it, and juries are justified, in proper cases, in holding that such a safeguard is due to the public, and that its absence speaks negligence. *Rowe* v. *New York and New Jersey Telephone Co.,* 37 *Vroom* 19.

The question of the contributory negligence of the plaintiff was also plainly a jury question. The proofs show that at the point of contact between the wire and the horse a bright flame appeared, and the contention of the defendant is that it was negligence on the part of the plaintiff to approach the horse under the circumstances. But even if it be assumed that the plaintiff observed the light (which he denies) there is nothing in the case to charge him with knowledge that it was produced by the contact of the body of his horse with a wire charged with an electric current. And even if he had been aware of that fact it cannot be declared, as a matter of law, that he was negligent in what he did. As was said by the Court of Errors and Appeals in the case of *New York and New Jersey Telephone Co.* v. *Bennett,* 33 *Vroom* 745, how much such a person as the plaintiff would know of the danger indicated by the presence of the flame, what inferences he ought to have drawn from what he saw, and whether, on the whole, his conduct showed less than reasonable caution, were entirely within the domain of fact.

Nor do we think that a new trial should be directed upon

the ground that the damages are excessive. The plaintiff was at the time of the accident a strong and vigorous man, in the prime of life, forty-five years of age. The injuries received by him were very painful and severe, and in all probability permanent, affecting him both mentally and physically. Although the sum awarded him by the jury ($3,258) was large, we cannot say that it was more than the just compensation which he was entitled to receive from the defendants.

The rule to show cause will be discharged.