# Barranco *v.* Birmingham Ry., L. & P. Co.

### *Damages for Maintaining Nuisance.*

(Decided April 18, 1912.   Rehearing denied June 29, 1912.
59 South. 467.)

1. *Electricity; Erection of Poles; Complaint; Sufficiency.*—A complaint stating that an electric company negligently erected a pole on the sidewalk in front of plaintiff's property, within five feet of a window, and in an upright position through a shed maintained by plaintiff over the sidewalk, which was a part of the public thoroughfare, and that in erecting the pole defendant's employees negligently injured the shed, fails to state a cause of action, as, in the absence of an averment of license to maintain it, the shed is presumptively a public nuisance, and the charge that it was negligently done, admitted that defendant's act was neither wrongful nor unlawful in itself.

2. *Nuisance; Public; Private Abatement.*—The right of a private citizen to abate a public nuisance is no greater than the necessities of his case; he not being authorized to do unnecessary injury, although the property obstruct a highway so as to be a public nuisance.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Raphelia Barranco against the Birmingham Railway, Light & Power Company for damages to her property by planting a post in front of the same. Judgment for defendant, and plaintiff appeals. Affirmed.

Count 4 is as follows: "Plaintiff claims of the defendant the sum of $1,000 as damage, for that heretofore, to wit, the 24th day of November, 1906, plaintiff was the owner of lots 16 and 17, in block 207, in the city of Birmingham, county of Jefferson, state of Alabama, and also the buildings and improvements thereon; that on, to wit, said date the defendants, through its agents or servants, were planting poles along Twenty-Sixth street and Sixth Avenue North; and that while

doing so the said servants or agents of defendants negligently planted a pole which was several feet in circumference and several feet high, within, to wit, five feet of her building, and in front of her window, on the sidewalk in front of her said property, which was located on the northeast corner of where Sixth avenue intersects with Twenty-Sixth Street North, and negligently planted said pole in an upright position through said shed, and, as proximate consequence thereof, damaged and materially injured her said property; and plaintiff avers that the defendant, through its servants or agents, committed the aforesaid act, wrongs, and injuries after she had notified the defendant's said servants and agents not to do so."

Count 5: Same as 4, except that it alleges that the acts done were wantonly and intentionally done, in the absence of her husband and over her protest.

CHARLES J. DOUGHERTY, for appellant. The law does not require the litigant to bring two or more actions for different wrongs growing out of one transaction.— *Birmingham Southern v. Lintner,* 141 Ala. 420; *Brown v. Masters,* 104 Ala. 154. Demurrer is not the proper way to reach non recoverable damages.—*W. U. T. Co. v. Westmoreland,* 43 South. 790; *Same v. Gartright,* 44 South. 212. The 4th and 5th counts as amended were sufficient.—*B. R. L. & P. Co. v. Oden,* 40 South. 129; *Donovan v. Alberg,* 58 South.. 775; 58 L. R. A. 782; 47 Am. Rep. 453. The person specially injured by a public nuisance may have his action to abate the same, or to recover damages.—37 Cent. Dig. 1703.

TILLMAN, BRADLEY & MORROW, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The trial court sustained defendant's demurrers to counts 4 and 5 of the complaint, and this action is assigned as error.

The gravamen of the fourth count is that defendant, through its agents or servants, was engaged in planting poles along Twenty-Sixth street and Sixth Avenue North, in Birmingham, and while so doing said agents or servants negligently planted a pole in the sidewalk in front of her window, and within five feet thereof, in an upright position through her shed, and, as a proximate consequence, materially injured her property. It is averred, also, "that the said servants or agents of the defendant negligently climbed upon her said shed or building, sawed off several feet of the main beam that supported the shed causing the said shed to sway and tear loose from the building which it was made part of, and sawed off several feet of said shed." It is not alleged that these latter acts of defendant's agents were done by them in the course of their employment in and about the planting of poles for defendant, nor that such acts have any relation whatever to such service. The demurrer to the count, as first filed, pointed out this defect, and was properly sustained. By amendment this part of the count was eliminated, and, as thus amended, defendant's demurrers were again sustained thereto.

It is evident from the language used that plaintiff's shed, which was thus damaged (and no other damage is alleged), was built over the sidewalk, which was part of a public street, and thus constituted prima facie an unlawful encroachment on a municipal highway.—*City of Mobile v. L. & N. R. R. Co.,* 124 Ala. 132, 26 South. 902.

In charging that the defendant's agents *negligently* planted the pole in question, the count must, on demur-

rer, be construed as admitting that the act was not wrongful nor unlawful in itself. Thus construed, it utterly fails to show any right of action in the plaintiff resulting from the defendant's alleged negligent conduct; for, presumptively at least, the damaged shed was a public nuisance, and could not be the subject of actionable injury by any one while in the act of making lawful use of the street.—2 Elliott on Roads and Streets, § 843. The count is therefore fatally defective in this respect, as pointed out by the demurrers.

We do not controvert the principle of law insisted on by appellant, viz., that the right of a private citizen to abate a public nuisance is no greater than the necessities of his case demand; and, specifically, that he must do no *unnecessary* injury to the property of another, although it obstructs the public highway, so as to be a public nuisance. In other words, he may remove or injure or destroy such property only in so far as that action may be reasonably necessary to the enjoyment of his own rights in the premises.—Cooley on Torts (2d Ed.) p. 51; Wood on Nuisances (3d Ed) p. 943.

We are dealing, however, with a question of pleading, and the counts in question make no such case. The allegation that defendant "negligently planted a pole" on the sidewalk through plaintiff's shed, and thereby damaged plaintiff's property, cannot, on demurrer, be treated as the equivalent of a charge that unnecessary injury was done to plaintiff's property in the course of its partial removal or displacement. Under the conditions shown by these counts, it devolved on plaintiff to allege that planting the pole, as alleged, was not authorized, or was not necessary to defendant's lawful uses; or else that in so planting it unnecessary injury was done to her property. This was not defensive matter; for no presumption of these results arises from the

[Central of Georgia Ry. Co. v. Stewart.]

fact of a negligent planting merely. If the plaintiff had any cause of action, it was for unnecessary injury to her property, whether willful or negligent; and this her complaint should have distinctly alleged, instead of presenting a doubtful conclusion by way of inference only.

Count 5 is a duplicate of count 4, with the addition of averments designed to show wantonness and aggravation. It is equally defective, and the trial court did not err in sustaining the demurrers to each of the counts. Had these counts showed that the plaintiff's shed was erected and maintained by municipal license, and was not an obstruction to the free use of the street, or that the defendant's poles were erected without municipal authority, a different question would be presented, and one which we are not now deciding.

It is to be noted, also, that no question is presented as to imposing an additional servitude on the street, nor as to interference with the plaintiff's convenient enjoyment of her property.

Other defects are pointed out by the several grounds of demurrer; but it is not necessary to notice them. The judgment is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.