(84 South. 260)

## SOUTHERN RY. CO. v. PATTERSON.
### (8 Div. 193.)

(Supreme Court of Alabama. Nov. 13, 1919. Rehearing Denied Dec. 24, 1919.)

`1. RAILROADS ⬌350(33) — NEGLIGENCE SUB-`
`SEQUENT TO DISCOVERY OF DECEASED'S PERIL`
`HELD FOR JURY.`

In a crossing accident case, evidence of the negligence of those operating the engine in failing to warn deceased or to stop after discovery of his position of peril *held* sufficient to go to the jury.

`2. RAILROADS ⬌350(13)—QUESTION OF DE-`
`CEASED'S CONTRIBUTORY NEGLIGENCE HELD`
`UNDER THE EVIDENCE FOR THE JURY.`

In a crossing accident case, the question of decedent's contributory negligence *held* for the jury; the evidence raising a conflict as to whether decedent did not seek safety as soon as he knew of the approach of the train, etc.

`3. TRIAL ⬌253(7)—REQUESTED CHARGE OMIT-`
`TING REFERENCE TO PLAINTIFF'S EVIDENCE`
`PROPERLY REFUSED.`

The refusal of charge directing verdict for defendant railroad in negligence case if engineer was not negligent, omitting any reference to plaintiff's evidence as to discovery of peril by fireman, *held* proper.

`4. RAILROADS ⬌347(1)—THAT DECEDENT DI-`
`RECTED HIS COMPANION TO WATCH FOR TRAINS`
`ADMISSIBLE.`

In a crossing accident case where the contributory negligence of decedent was relied on, testimony that he directed his companion to watch *held* admissible.

`5. RAILROADS ⬌344(1)—AVERMENT IN CROSS-`
`ING ACCIDENT CASE AS TO AVOIDANCE OF IN-`
`JURY AFTER DISCOVERY OF PERIL HELD SUFFI-`
`CIENT.`

In a crossing accident case, a count of the complaint alleging negligence of the servants of the railroad company in charge of the engine after discovery of decedent's presence on the tracks in position of peril *held*, not subject to demurrer.

Appeal from Circuit Court, Morgan County; Robert C. Brickell, Judge.

Action by C. D. Patterson, as administrator of the estate of Walter Brand, deceased, against the Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Suit by appellee, as administrator of the estate of Walter Brand, deceased, against the appellant railway company to recover damages for the killing of plaintiff's intestate by defendant's passenger train.

Count 2 as amended relied for recovery upon the negligence of the agents or servants of the defendant, who were in charge or control of the engine of said train, after discovery of the presence of plaintiff's intestate on the track in peril of the approaching train. The

cause was tried upon this count as amended, and the general issue thereto, together with the plea of contributory negligence, resulting in a judgment for the plaintiff in the sum of $1,500; from which judgment the defendant prosecutes this appeal.

There was evidence for the plaintiff tending to show that intestate met his death while attempting to drive his team—consisting of a horse and wagon—across the defendant's railway. The horse had gotten upon the center of the track, and plaintiff's intestate was attempting to make him either go on or back off; and was being assisted in this by his companion, a young boy named Hanner, who testified in the cause. Some of the testimony of said Hanner tends to show that when they discovered themselves in this situation on the track they tried to go across by working at the wheels of the wagon; and, failing in this, they made an effort to have the horse back off the track, and that their backs were toward the approaching train; that before going upon the track they stopped and looked for any train, but saw none, neither did they hear any; nor did they see or hear any train while they were attempting to back the horse off the track. This witness further testified that plaintiff's intestate had instructed him to keep a lookout for the train; that he did not see the train until he turned around to look for it just as it blew, and then it was right on them—and that was the first time he had heard it. His testimony further shows that when the whistle blew the train was only 10 or 15 yards from them, and that he (witness) turned to make his jump immediately, and as he jumped the train brushed his coat; that as Brand (intestate) turned to make his jump the train caught him; that "the train was not making any fuss as it came up"; that it stopped as quickly as it hit intestate, running about the length of five coaches; and that he (witness) was about a foot from Brand at the time he jumped.

There was also evidence tending to show that both the engineer and fireman were keeping a constant lookout, and were looking ahead in the direction of plaintiff's intestate and his companion; that the fireman had his arms in the window and was looking down the track, and there were no obstructions between him and the place where the killing occurred; that intestate and his companion could have been seen a distance of something over 700 feet; and that there was no whistle blown or slacking of the speed of the train until it reached very near to the point where intestate was—at which time the whistle was blown and the train came to a sudden stop, within a distance of five car lengths.

The evidence for the defendant tended to show that the fireman had no knowledge of the presence of any one on the track, as he was engaged in firing the engine. The testimony of the engineer was to the effect that as soon

as he discovered plaintiff's intestate upon the track he made every effort to stop the engine and gave warning. There was also evidence for the defendant tending to show that, after the companion of plaintiff's intestate discovered the train and had jumped, intestate continued in his efforts to back the horse off the track, and was therefore killed. There was evidence tending to show that, had the engineer seen or been informed of the intestate's presence for as much as 700 feet, the train could have been stopped.

S. A. Lynne, of Decatur, for appellant. The court should have given the jury the general charge for the defendant, because of the contributory negligence of the intestate. 191 Ala. 622, 68 South. 139; 196 Ala. 77, 71 South. 455; 179 Ala. 299, 60 South. 922; 94 Ala. 581, 10 South. 215; 5 Ala. App. 64, 59 South. 518; 196 Ala. 133, 72 South. 67. The defendant owed the intestate no duty to keep a lookout for him. 190 Ala. 19, 67 South. 411; 191 Ala. 484, 67 South. 691. Count 2 of the complaint was subject to the demurrer. 179 Ala. 121, 59 South. 619.

C. L. Peck, of Albany, and Callahan & Harris, of Decatur, for appellee. This case should be affirmed, on the authority of A. G. S. R. R. Co. v. Sanders, ante, p. 57, 82 South. 17.

GARDNER, J. [1, 2] That there was sufficient evidence for submission to the jury of the question of subsequent negligence on the part of the agents or servants of the defendant in charge or control of the engine which killed the plaintiff's intestate is not questioned by counsel for appellant, but it is insisted that the defendant was entitled to the affirmative charge because of contributory negligence on the part of said intestate. This insistence is based upon that portion of the evidence tending to show that, after the deceased had been warned of the approaching train by his companion Hanner, he continued in his efforts to get the horse off the track, and that therefore this conduct constituted such contributory negligence as to bar recovery under the principle recognized in Southern Rwy. v. Irvin, 191 Ala. 622, 68 South. 139, and A. G. S. R. R. Co. v. Smith, 196 Ala. 77, 71 South. 455. While there was some evidence to support this theory, yet there was also testimony tending to show that the deceased turned to jump at the same time as did his companion, and that he was not aware of the approaching train until that time. It appears from this, therefore, that the proof was in conflict upon this question of contributory negligence, and that this issue was properly submitted to the jury for determination. A. G. S. R. R. Co. v. Sanders, ante, p. 57, 82 South. 17.

The charge given at the plaintiff's request, constituting the sixth assignment of error, was in substance very similar to that portion of the oral charge of the court which found approval in Central of Ga. v. Ellison, 75 South. 159;[1] and there was evidence tending to support the theory advanced therein. There was therefore no error in giving this charge at plaintiff's request.

[3] A number of assignments of error relate to the refusal of certain charges requested by defendant. These charges directed a verdict for the defendant if the jury should find that the engineer was without negligence, omitting any reference to the evidence offered by the plaintiff as to the negligence of the fireman after discovering the perilous position of plaintiff's intestate on the track in failing to notify the engineer thereof. The court below evidently refused these charges for this reason, and in this action of the court there was no error.

[4] In view of the issue of contributory negligence on the part of the plaintiff's intestate, we think it was competent to show by his companion Hanner that after they got on the track the deceased asked him to look and see if the train was coming. It may also have thrown some light on the proposition as to whether Brand was aware of the immediate approach of the train; but, whether so or not, the question of contributory negligence clearly made the evidence admissible. The witness Hanner had been asked by the defendant, and had answered in the affirmative, the same question which was asked the witness Rather for the purpose of impeaching Hanner's testimony. There was therefore no reversible error in sustaining this question to the witness Rather.

[5] Count 2 as amended was not subject to the demurrer interposed thereto. Jones v. Strickland, 201 Ala. 138, 77 South. 562.

Finding no reversible error in the record, the judgment appealed from must be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.

---

[1] 199 Ala. 571.