(112 So. 763)

## ALABAMA POWER CO. v. CHRISTIAN. (6 Div. 712.)

Supreme Court of Alabama.   May 5, 1927.

**1. Eminent domain ⬅︎69—Right to compensation for property taken, injured, or destroyed extends to construction of works, highways, or improvements by persons privileged to take (Const. 1901, § 235).**

Right to compensation under Const. 1901, § 235, for property taken, injured, or destroyed extends right to compensation previously existing for property taken by eminent domain to compensation for property injured or destroyed by the construction of works, highways, or improvements by corporations or individuals having privilege of taking property for public use.

**2. Eminent domain ⬅︎119(7)—Power transmission lines as affects right to fell tree in street, interfering therewith, held within same category as telephone and telegraph lines.**

The erection and maintenance of telephone and telegraph lines are within scope of original easement, for which landowner has been compensated, and electric power transmission lines, as affects power company's right to fell tree in street, interfering therewith, is in the same category.

**3. Damages ⬅︎208(1)—Question of damages for destruction of tree in street by electric company held properly submitted to jury.**

Since landowner was entitled to more than nominal damages because of power company felling tree growing in the street, which interfered with its transmission lines, question of damages was properly submitted to jury.

**4. Evidence ⬅︎524—Witnesses having means of knowledge of values held properly permitted to depose as to value of property before and after felling tree.**

In suit by property owner against power company for felling tree growing in street ad-

jacent to plaintiff's land, plaintiff's witnesses, having stated they had means of knowledge of land and values in the vicinity, were properly permitted to depose as to difference in value of plaintiff's property before and after felling of the tree.

5. **Damages** ⚭►138—$1,200 damages to property for felling of tree in street held excessive, and reduced to $500.

Award of $1,200 damages to property owner for felling of tree in street which interfered with power transmission lines *held* excessive, and is reduced to $500.

Sayre, Somerville, and Thomas, JJ., dissenting.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action for damages by Alex Christian against the Alabama Power Company for cutting and removal of a shade tree. From a judgment for plaintiff, defendant appeals. Affirmed conditionally.

Harwood & McQueen, of Tuscaloosa, and Martin, Thompson, Foster & Turner, of Birmingham, for appellant.

A tree so situated in a public street as to obstruct and interfere with the rightful use thereof by the public is a nuisance, and any injury to such tree by one in lawful use of the street affords no basis for an action for damages. Barranco v. B. R., L. & P. Co., 178 Ala. 647, 59 So. 467; Birmingham v. Graves, 200 Ala. 463, 76 So. 395; Brown v. Perkins, 12 Gray (Mass.) 89; Walter v. Louisville R. Co., 150 Ky. 652, 150 S. W. 824, 43 L. R. A. (N. S.) 126, Ann. Cas. 1914D, 441; Hickey v. Michigan R. Co., 96 Mich. 498, 55 N. W. 989, 21 L. R. A. 729, 35 Am. St. Rep. 621. An electric company, with franchise from a city to maintain poles and wires on a street for the supplying of power to the inhabitants of the city, may, if necessity requires, remove a tree within the bounds of the street without liability to the abutting owner. Southern Bell T. Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L. R. A. 193, 55 Am. St. Rep. 930; Hobbs v. Long Dist. Tel. Co., 147 Ala. 393, 41 So. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 461; B. R., L. & P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863; Bloom v. Cullman, 197 Ala. 490, 73 So. 85; Hagerstown R. Co. v. State, 139 Md. 507, 115 A. 783, 19 A L. R. 797. A witness who is shown to have no familiarity with the value of property should not be permitted to give his opinion as to value. Adler v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L. R. A. (N. S.) 889.

E. L. Dodson, Thos. B. Ward, and Reuben H. Wright, all of Tuscaloosa, for appellee.

Section 235 of the Constitution gives a right of action for property injured or destroyed by the construction or enlargement of works, highways, or improvements. If the removal of shade trees situated on the edge of the sidewalk affected the value or enjoyment of abutting property, the owner of such property would have a right of action, though such person was not the owner of the trees. McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153; P. R. Co. v. Miller, 132 [U. S. 75, 10 S. Ct. 34, 33 L. Ed. 267; Montgomery v. Maddox, 89 Ala. 186, 7 So. 433; Hobbs v. Long Dist. Tel. Co., 147 Ala. 401, 41 So. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 461. The city, being without authority itself to cut the tree, could not delegate authority to another. McEachin v. Tuscaloosa, supra; Brahan v. Meridian Home Tel. Co., 97 Miss. 326, 52 So. 485. Direct testimony as to market value is in nature of opinion evidence; one need not be an expert to testify as to value. Code 1923, § 7656.

SAYRE, J. Appellant was constructing a light and power transmission line along a public street in the city of Tuscaloosa, and in the progress of its work felled a tree, a water oak, which had long stood near the center of the street. The tree stood on appellee's side of the middle line of the street. if that makes any difference. Appellant's transmission line was constructed along the outer margin of the sidewalk. The tree stood 21 or 22 feet from the curb. Ordinary traffic passed on either side of the tree, but the evidence for appellant went to show that safe practice in such matters, the practice of well-regulated electric light and power companies, justified the removal of the tree, because it stood so near the transmission line as, with its spreading branches, to constitute a source of danger to appellant's line and so to the public using the street. Appellant acted under authority of an ordinance of the city permitting the construction of its line, and, in view of its consultation with officials of the city having superintendence of the streets and their approval of what was done, it seems proper to treat the case as if it had a specific permit from the governing authorities of the municipality for the removal of the tree in question, though that would make no difference, if the removal was reasonably necessary to the enjoyment of appellant's franchise and right to the use of the highway for its transmission line. Barranco v. B. R. L. & P. Co., 178 Ala. 647, 59 So. 467. Appellee's complaint was that appellant, by felling the tree, deprived his adjacent premises of its grateful shade, and so had injuriously affected their value. Appellee had judgment for $1,250.

[1] Appellee's view is that the award of damages is justified by section 235 of the Constitution, the language of which is:

"Municipal and other corporations and individuals invested with the privilege of taking

property for public use, shall make just compensation, to be ascertained as may be provided by law, for the property taken, injured or destroyed by the construction or enlargement of its works, highways or improvements. * * *"

"By its terms," said the Supreme Court of the United States in Pennsylvania R. Co. v. Miller, 132 U. S. 83, 10 S. Ct. 34, 33 L. Ed. 267, speaking of the identical provision of the Constitution of Pennsylvania, "it imposes a restraint only upon corporations and individuals invested with the privilege of taking private property for public use, and extends the right to compensation, previously existing, for property taken, to compensation for property injured or destroyed by the construction or enlargement of works, highways or improvements, made or constructed by such corporations or individuals. Such provision is eminently just, and is intended for the protection of the citizen, the value of whose property may be as effectually destroyed as if it were in fact taken and occupied."

The foregoing statement as to the general meaning and effect of section 235 of the Constitution is accepted without reservation; but some particular applications of the section 'are not so clearly defined in right and justice as they might be.

[2] This court stands committed to the doctrine that the primary and original purpose of the dedication of a street includes the transmission of intelligence as well as public travel; that telephone and telegraph lines are simply improved methods of communication; and hence that the erection and maintenance of such lines are within the scope of the original easement for which the landowner has been compensated. Southern Bell Tel. Co. v. Francis, 109 Ala. 224, 19 So. 1; 31 L. R. A. 193, 55 Am. St. Rep. 930; Hobbs v. Long Distance, 147 Ala. 393, 41 So. 1003, 7 L. R. A. (N. S.) 87, 11 Ann. Cas. 461; B. R. L. & P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L. R. A. (N. S.) 597, Ann. Cas. 1915C, 863. The form of the preceding statement as to the effect of our adjudications is made in substantial conformity with the language of the editorial note to Query v. Postal Telegraph-Cable Co., 8 A. L. R. 1301, and is, we believe, a correct statement. We see no reason to doubt that, for the purpose in hand, lines for the transmission of light and power must be placed in the same category with telephone and telegraph lines.

Such being the case, and the felling of the tree having made no change in the grade of the street, and access to appellee's property having been in no wise affected thereby, some of us think that the right, so to speak, to grow or maintain trees in the public street for the private use or pleasure of the adjacent owner, after the street had once been dedicated or condemned to the public use, could not be a property right, was a mere privilege, and

though such growth or maintenance was allowed, the privilege was enjoyed in subordination to the public use, and revocable at the will of the municipal authorities. This view found statement by the writer, dissenting, in McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153, and by Judge Thomas, dissenting, in Birmingham v. Graves, 200 Ala. 463, 76 So. 395, and the argument need not be repeated. This much, however, we may say: In Southern Bell v. Francis, supra, this court, quoting from Judge Dillon, said:

"Whether the municipal corporation holds the fee of the street or not, the true doctrine is that the municipal authorities may, under the usual powers given them, do all acts appropriate or incidental to the beneficial use of the street by the public, of which, when not done in an improper and negligent manner, the adjoining freeholder cannot complain."

And again the court said:

"Appellees' ownership of the trees, whether the latter were planted by them on the sidewalk, or acquired by devolution of title to the adjacent property, was and is a qualified and limited ownership, subordinate to the public right to safe and convenient passage" (including, as we think, the passage of electrical current to be used for light and power), "and to the rights, powers, and duties of the governing municipal body in the protection, promotion, and establishing every public use in and upon the streets in a city."

The foregoing view finds support, in principle, in Winter v. City Council, 83 Ala. 589, 3 So. 235, and Cloverdale Homes v. Cloverdale, 182 Ala. 419, 62 So. 712, 47 L. R. A. (N. S.) 607. Somerville and Thomas, JJ., concur with the writer in the foregoing statement of the pertinent law.

However, the complaint was framed and sustained against demurrer, and the issues tried, upon the theory that the felling of the tree constituted a "construction or enlargement" of the highway, a new condemnation in effect, for which the adjacent owner, appellee, had never been compensated, and appellant, as we understand the argument, has not seen fit, on this appeal, to draw into question the authority of the prevailing opinions in McEachin v. Tuscaloosa and Birmingham v. Graves. In the view of the case thus presented it is clear that appellant was not entitled to the general affirmative charge, the refusal of which, as affecting the fundamental rights of the parties, is made the chief subject of consideration in the briefs.

Perhaps it should be noted in this connection that the ruling in favor of the city's contention in Birmingham v. Graves was based on the theory that the city there was in the exercise of the police power. The court, however, gave its approval to the prevailing opinion in the McEachin Case. The police power and the power of eminent domain are different things, except as they may be confused in

ALABAMA POWER CO. v. CHRISTIAN# ALABAMA POWER CO. v. CHRISTIAN 163

'the peculiar provisions of section 235 of our Constitution. Under the power of eminent domain private property is taken for public use. In the exercise of the police power private property may be injured or destroyed to promote or preserve the public welfare. "The constitutional prohibition against the taking of private property without compensation is not intended as a limitation of the exercise * * * of that general power over° private property which is necessary for the orderly existence of all governments." And "the police power of a state embraces regulations designed to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, the public morals or the public safety." But, it must be remembered, "if the means employed have no real, substantial relation to public objects which government may legally accomplish; if they are arbitrary and unreasonable, beyond the necessities of the case, the judiciary will disregard mere forms and interfere for the protection of rights injuriously affected by such illegal action." C. B. Q. R. Co. v. Drainage Commissioners, 200 U. S. 561, 26 S. Ct. 341, 50 L. Ed. 596, 4 Ann. Cas. 1175.

In keeping with the propositions of the last-cited case, as we presume, appellant insists that the evidence went to show without dispute that the felling of the tree was necessary to the proper construction of its transmission line; that it had the right in the exercise of its franchise to abate the nuisance of the obstruction in the street caused by the presence of the tree; that its franchise in the premises was exercised in a reasonable manner; and hence that it was entitled to the general charge. If it be conceded that in the circumstances shown by the bill of exceptions appellee had a qualified ownership of the tree which was due to be protected against an arbitrary and unreasonable exercise of the police power—such concession being involved in the insistence just here under consideration—it would have been a matter of inference, to be drawn by the jury, whether appellant, even though it had the specific assent of the municipal authorities, proceeded reasonably to exercise its franchise, or whether it proceeded unreasonably and arbitrarily; but that inquiry had been foreclosed by reason that appellee was claiming damages done to his property in the exercise of the right of eminent domain under section 235 of the Constitution as interpreted by the majority opinions in the McEachin and

Graves Cases, wherein consideration of the facts upon which appellant bases its defense was excluded as being of no consequence.

[3] We all agree, however, that, if appellee was entitled to recover damages for the injury done to his property by the felling of the tree, such damage was more than merely nominal, as appellant contends under another assignment of error, and that the question as to the recoverable quantum of such damages was properly submitted to the jury.

[4] One other question is submitted in the brief for appellant. Several witnesses introduced by appellee deposed to the difference in value of appellee's property before and after the felling of the tree. This was, of course, a matter of opinion with them, and the insistence now is that they failed to qualify themselves to testify on this point within the rule of Adler v. Pruitt, 169 Ala. 213, 53 So. 315, 32 L. R. A. (N. S.) 889, where it was said that such a witness should be able at least to say that he thinks he knows the value —that is, has a definite opinion as to the value—of the land in controversy or of similar lands in the neighborhood, and to show that he has had some means of knowledge. All the witnesses qualified themselves under this rule, and there was no error in the admission of their testimony.

[5] Appellant also contends that the damages assessed were excessive. As to that the testimony was in conflict. Looking to all the circumstances, the court is of opinion that this contention on the part of appellant is well taken, and that $500 will fully compensate appellee for the damage shown, and, accordingly, in pursuance of section 6150 of the Code, will affirm the judgment, if appellee within 30 days hereof shall certify to the clerk of this court a remittitur of damages in excess of the said amount; otherwise the judgment will be reversed.

Affirmed conditionally.

ANDERSON, C. J., and GARDNER, BOULDIN, and BROWN, JJ., concur.
SAYRE, SOMERVILLE, and THOMAS, JJ., dissent.

ANDERSON, C. J. I agree to the conclusion, but am not in sympathy with the criticism of the McEachin and Graves Cases, as I regard those cases as sound and salutary.

GARDNER and BROWN, JJ., concur.
BOULDIN, J., concurs in the result on the doctrine of stare decisis.