140 So. 603

**ATLANTIC PACIFIC STAGES, Inc., v. YANDLE.**

6 Div. 991.

Supreme Court of Alabama.

Jan. 21, 1932.

Rehearing Denied March 31, 1932.

B. F. Smith, of Birmingham, for appellant.

Ewing, Trawick & Clark, of Birmingham, for appellee.

BROWN, J.

If it should be conceded that the court erred in overruling the defendant's objection to the question put to the witness Dr. Garlington, the predicate for assignment of error 2, the question was not answered, and it is at most error without injury.

The witness Dr. Garlington had qualified as a medical expert—that is, it was shown that he was a practicing physician and surgeon with several years' experience in the active practice of his profession—and it was permissible for him to state that if he had not tied the blood vessels in the wound in plaintiff's hand, the blood would have kept running; that it was spurting from the wound; that five or six arteries were severed. Thaggard v. Vafes, 218 Ala. 609, 119 So. 647; Carpenter v. Walker, 170 Ala. 659, 54 So. 60; Ann. Cas. 1912D, 863; Bates v. Morris, 101 Ala. 282, 13 So. 138; Clark v. State, 217 Ala. 229,

115 So. 295; Louisville & Nashville R. Co. v. Stewart, 128 Ala. 313, 29 So. 562; Barfield v. South Highlands Infirmary, 191 Ala. 553, 68 So. 30, Ann. Cas. 1916C, 1097.

 If, as alleged, the negligence of the defendant's servant or agent while acting within the scope of his employment proximately caused the plaintiff's injury, the fact that the surgical instruments used by the surgeon whom she selected to treat her injuries were not sterilized, and the hospital where she received emergency treatment was not "up to par," was immaterial, although the use of such instruments may have aggravated her suffering. O'Quinn v. Alston, 213 Ala. 346, 104 So. 653, 39 A. L. R. 1263; Nall v. Alabama Utilities Co., ante, p. 33, 138 So. 411; Armstrong, Adm'x v. Montgomery Street Ry. Co., 123 Ala. 233, 26 So. 349.

The answers of the witness to questions eliciting such testimony go to show that the hospital where the operation was performed was, to use his language, "not up to par"; that he used the surgical instruments brought to him by the hospital attendant without ascertaining that they had been properly sterilized.

While this evidence may have afforded some basis for argument to the jury by defendant, not sound in law, that it was not responsible for all of the plaintiff's pain and suffering, resulting from the infliction of the wound in her hand, and the subsequent infection, it also afforded basis for argument by the plaintiff that because of the injury and the emergency treatment, she was carried to a hospital that was not "up to par," and was operated on with instruments not known to be properly sterilized. This evidence injected into the case an immaterial issue which had some tendency to divert the minds of the jury from the legitimate issues in the case, and was calculated to prejudice them in the assessment of damages, and the admission of this evidence must work a reversal of the judgment.

██ The questions to which objections were sustained, made the predicate for assignments of error 8 and 9, were objectionable as calling for a legal conclusion, and were also immaterial, and an affirmative answer thereto would in no way affect the credibility of the testimony of the witness.

██ Assignments of error 6 and 7 are clearly without merit. It was permissible for the witness Head to state whether or not he could tell the position of the car (bus) when he discovered its approach, and what part of the road it was on, and whether or not he observed its speed.

██ It was likewise permissible for the witness Russell to state his judgment as to the distance between his car and the bus as the bus passed his car, and the credibility of his testimony was for the jury. Mayberry v. State, 107 Ala. 64, 18 So. 219.

██ Under the evidence the question for jury decision was whether or not the defendant's driver was guilty of negligence which in whole or in part proximately caused plaintiff's injury, or whether or not the driver of the car in which plaintiff was riding was guilty of negligence, and, if so, whether or not this was the sole proximate cause of plaintiff's injury. Alabama Power Co. v. Bass, 218 Ala. 586, 119 So. 625, 63 A. L. R. 1. In this respect the evidence was in sharp conflict.

For the error pointed out the judgment will be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

On Rehearing.

BROWN, J.

In treating the evidence admitted over the defendant's objection, as to the condition of the surgical instruments and the character of the hospital, we dealt with its effect rather than with the nature of the objections. The objections, however, were well taken.

██ One of the questions to the witness was: "Were those instruments sterilized by the modern method of sterilization?" The objection was: "It is not shown that the doctor (the witness) sterilized the instruments or knew they were sterilized." There was no evidence showing, or tending to show, that the doctor sterilized the instruments or knew they were sterilized.

██ The other question was: "Is that a modernly equipped hospital with reference to instruments and the condition in which they keep the instruments as to sterilization?" The objection was that this question called for "a conclusion and invades the province of the jury." (Italics supplied.) There was no evidence that the doctor had ever inspected the hospital, or, as for that matter, that he had ever been there before, and only once shortly after; and his statement in respect to it was purely a conclusion and, in so far as this record shows, was wholly unsupported by facts justifying the witness to express such conclusion.

The application is, therefore, overruled.