166 So. 692

## ALABAMA POWER CO. v. JACKSON.

### 3 Div. 163.

Supreme Court of Alabama.

March 19, 1936.

Powell & Hamilton, of Greenville, for appellant.

Calvin Poole, of Greenville, for appellee.

THOMAS, Justice.

The suit was for wrongful death.

The pleas were the general issue, contributory negligence, and: "That at the time alleged in the complaint that a wire of the defendant had fallen in the streets of the City of Greenville, defendant alleges that the falling of said wire was caused by a limb which fell from a tree near the highway, or street and near the wires of the defendant, and which fell on the wire of defendant, and that said limb fell by reason of the fact that said limb was in a slightly decayed condition at the place where said limb broke from said tree and such condition was not apparent but was a latent defect in said limb and was not known to the defendant, or its agents, servants or employees, and in the falling of said limb could not have been foreseen by the exercise of reasonable diligence and care on the part of the defendant, and that after said limb had fallen on said wire and the wire had fallen to the ground, that the falling of said wire took place at a brief time before the accident, and that the defendant could not with reasonable diligence before said accident have discovered and repaired the alleged imperfection."

The gravamen of the complaint is "that it was the duty of the defendant to keep and maintain said lines and wires and the poles on which the same were suspended in a safe condition so as not to injure or damage persons or their property while traveling along said public streets; that the defendant so negligently maintained said lines, wires and poles that one of said lines or wires was negligently permitted to fall into and remain in one of said streets * * * ; that said automobile collided with the said wire which was lying in or across the said street and the said automobile in which plaintiff's intestate was riding was overturned and plaintiff's intestate was crushed and injured thereby to the extent

that she died from such injuries. And plaintiff alleges that the death of her said intestate was proximately caused by the negligence of the defendant's agents and servants acting in the line and scope of their authority in permitting said wire to fall and remain in said street as aforesaid."

■ We construe the pleading as charging a lack of discharge of duty in properly maintaining defendant's line and wires in a safe condition for transmission and "so as not to injure or damage persons or their property while traveling" on streets along which that line proceeded.

The rules of conjunctive and disjunctive averments need not be discussed (Tobler v. Pioneer Mining & Mfg. Co., 166 Ala. 482, 52 So. 86; Farmers' & Merchants' Warehouse Co. v. Perry, 218 Ala. 223, 118 So. 406), as they are believed not applicable to the instant pleading.

■ Several provisions of law as to electrical transmissions have been settled by this court: (1) That telephone and telegraph lines along and on the public highway are improved methods of communication, and are within the scope of the original easement for which the landowner has been compensated. Birmingham Ry. L. & P. Co. v. Smyer, 181 Ala. 121, 61 So. 354, 47 L.R.A.(N.S.) 597, Ann.Cas. 1915C, 863; Hobbs v. Long Distance Telephone & Telegraph Co., 147 Ala. 393, 41 So. 1003, 7 L.R.A.(N.S.) 87, 11 Ann.Cas. 461; Southern Bell Telephone Co. v. Francis, 109 Ala. 224, 19 So. 1, 31 L.R.A. 193, 55 Am.St.Rep. 930. (2) That for the purposes in hand, lines for transmission of light and power must be placed in the same category with telephone and telegraph lines. (3) That such transmission companies use the public highways for construction, maintenance, and operation of their transmission lines as a matter of right, as do travelers thereon; the one and original dedication sufficing for each and all as a public use and being within the scope of the original easement for which the original landowner was compensated. Crawford v. Alabama Power Co., 221 Ala. 236, 128 So. 454. And (4) that the right of eminent domain and power transmission lines, as affects the right and duty to trim and fell trees (in public streets of a city) that interfere with or imperil the lines, are within the class and rule that govern telephone and telegraph lines. Alabama Power Co. v. Christian, 216 Ala. 160, 112 So. 763.

It follows, from such rights, that there is a duty in the maintenance of a proper care and inspection of such transmission lines charged with a dangerous agency or power. This question was the subject of discussion in Montgomery Light & Water Power Co. v. Thombs, 204 Ala. 678, 87 So. 205. In Alabama Power Co. v. Jackson, 24 Ala. App. 86, 88, 131 So. 244, 245, it was declared: "We are of the opinion that the right of the power company to erect and operate towers, poles, and wire lines across, along and on public roads, did not excuse it from the exercise of ordinary care to prevent injury to others rightfully using the highway, and it was for the jury to determine from all the evidence whether the defendant exercised ordinary care in locating its said line or transmission wires on the side of the road where it was placed."

In Hagerstown & Frederick Railway Company v. State of Maryland, etc., 139 Md. 507, 115 A. 783, 784, 19 A.L.R. 797, 799, 800, 801, the general rule as to liability for maintenance of electric wires over or near a highway, and for injury due to the breaking of the wire by the fall of a tree or limb, is thus stated:

"In the construction and maintenance of electric wires over or near a highway, care must be exercised commensurate with the danger to which they subject people who use the highway. Whether a company using such a wire is bound to provide against the breaking of the wire by the falling of a tree or limb depends on whether the fall of the tree or limb can be foreseen and the dangerous consequence averted by the exercise of reasonable care. If a failure of the company to exercise reasonable care, which is, under the circumstances, a high degree of care, to avert such an occurrence, results in an injury to a person using the highway, the company will be held liable. Commonwealth Pub. Serv. Co. v. Lindsay (1919) 139 Ark. 283, 214 S.W. 9; Warren v. City Electric R. Co. (1905) 141 Mich. 298, 104 N.W. 613, 19 Am.Neg. Rep. 21; Anthony v. Cass County Home Teleph. Co. (1911) 165 Mich. 388, 130 N. W. 659; Spires v. Middlesex & M. Electric Light, H. & P. Co. (1904) 70 N.J.Law 355, 57 A. 424, 16 Am.Neg.Rep. 132."

"The granted prayers of the plaintiff proceeded upon the theory that, if the defendant knew, or by the exercise of reasonable care could have known, of the dangerous condition of the tree in time to have prevented the accident, then it was negligent

in failing to have the limb removed or to protect its wires, while the instructions sought by the defendant asserted, and the contentions of the appellant are, (1) that there was no evidence of negligence on its part, and (2) that, as its poles were planted on its own right of way, and the tree in question was on private property, it had no right to remove the limb, and that no negligence can be imputed to it because of its failure to do so, or to adopt any other means of protecting its wires.

"It is said in 20 C.J. 347: 'Electric companies are liable for injuries by electric current resulting from their negligence to a person on a public thoroughfare. Persons or companies operating systems for the transmission of electricity over public highways owe to the public the duty of properly constructing and maintaining their poles and wires, and of exercising for the protection of all persons legally using the highways the high degree of care commensurate with the danger.'

"And in 9 R.C.L. p. 1200, speaking of the care to be exercised, it is said: 'The degree of care which will satisfy this requirement varies, of course, with the danger which will be incurred by negligence, and must be commensurate with the danger involved, and, according to numerous decisions, where the wires maintained by a company are designed to carry a strong and powerful current of electricity, so that persons coming in contact with them are certain to be seriously injured, if not killed, the law imposes upon the company the duty of exercising the utmost care and prudence consistent with the practical operation of its plant to prevent such injury. This is especially true of high-tension wires suspended over the streets of populous cities or towns; for here the danger is great, and the care exercised must be commensurate with it.' * * *

"The same rule has been applied and the same degree of care required by the decisions in this state. Western U. Teleg. Co. v. State, Use of Nelson, 82 Md. 293, 33 A. 763, 31 L.R.A. 572, 51 Am.St.Rep. 464." * * *

"In the light of these well-settled principles it becomes apparent that the court below properly refused to withdraw this case from the jury. The high degree of care required of such companies must be exercised not only in the construction, but also in the maintenance, of their plants. The fact that the appellant's poles were planted on its own private right of way did not relieve it of the duty to use that degree of care commensurate with the danger to which those using the highway were exposed by reason of the construction and maintenance of its high-tension wires. The obligation of such companies to exercise proper care is not determined by their right to construct and maintain their lines, but rests upon their duty to protect others while in the lawful exercise of their rights. * * * To hold that the appellant was relieved from all obligation or duty to the public simply because the tree stood on private property would deprive those lawfully and properly using the highway of the protection they were entitled to. If electric companies are negligent in permitting broken wires to remain in contact with their high-tension wires, and are liable for injuries resulting from such negligence, as in Nelson's Case, supra [82 Md. 293, 33 A. 763, 31 L.R.A. 572, 51 Am.St.Rep. 464], there is greater reason why they should be held liable for injuries resulting from maintaining their lines so close to a decayed tree as to endanger those in the lawful use of a highway. The appellant's line was on its private right of way where the appellant had a right to construct and maintain it. But it was also along a public highway, where the public and the little child that was killed had a right to be, and the company was therefore required, in maintaining its line, to exercise that high degree of care commensurate with the danger to which it exposed those using the highway. If the proximity of its line to the decayed tree rendered the highway unsafe for the use of the public, it was the duty of the appellant either to have the limb removed or to exercise proper care to protect its wires, and, if the injury complained of was the result of its failure to discharge that duty, it should be held liable."

This is a sufficient guide for another trial.

In Alabama Power Co. v. Jackson, supra, observation is made as to the introduction of photographs in evidence showing the general situation at the time and place of the accident and injury, and the omission of such material evidence from the record prevented consideration of refused charges or matters of fact affected thereby. J. H. Burton & Sons Co. v. May, 212 Ala. 435, 103 So. 46.

The statement in the bill of exceptions, that the material photographs in

question were introduced in evidence, and their absence therefrom, contradicts the statement that the bill of exceptions contained all the evidence in the case. Construing the 'bill of exceptions as showing such material and evidentiary fact was introduced in evidence, and that it appears the trial court had before it the material evidence which is not before us, we cannot therefore pass upon written charges predicated on the evidence, or the lack of evidence. The rule was recently applied and many authorities collected in Patton v. Endowment Department of A. F. & A. M. of State of Alabama (Ala.Sup.) 167 So. 323; [1] Central of Georgia Ry. Co. et al. v. Graham, 218 Ala. 624, 119 So. 654; Taylor v. Hoffman et al. (Ala.Sup.) 163 So. 339; [2] City of Roanoke v. Johnson et al., 229 Ala. 496, 158 So. 182; Fayet v. St. Louis & S. F. R. Co. et al., 203 Ala. 3, 81 So. 671; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394.

■■ Under the pleading and evidence, the fact that the wire in question carried a dangerous load of electricity was not res inter alios acta, and immaterial. There was no error in allowing plaintiff to show, by defendant's superintendent in charge, that such wire was "a dangerous wire," though the injury for which the suit was brought was not that of an electrocution at such time and place, but that of collision of the automobile with a fallen limb in which defendant's broken wire was brought down and entangled therewith. That evidence shed light on the defendant's duty of inspection and maintenance of such line. That is to say, such evidence, when considered with the other evidence of sparks, caused by contact with the defendant's charged line, emitting for a long period of time, and that of a limb of the tree at the point in question, was competent. The question as to notice of the condition of the limb at such point, and the danger from the limb or limbs of that tree coming in contact with or in dangerous proximity to defendant's line, was of a high character; it shed light upon the discharge of the duty of a 'proper maintenance thereof. The evidence showed no storm or unusual disturbance of the elements, and that the condition was that which had obtained for a long time theretofore. The duty in the premises was that of a due inspection, necessary in the proper maintenance of that line.

The issues under the pleading and evidence were for the jury. In these rulings there was no error. Wright v. J. A. Richards & Co., 214 Ala. 678, 108 So. 610.

■ It is settled law that: "Where a fact cannot be reproduced and made apparent to the jury, a witness may describe the fact according to the effect produced on his mind; or if, from the nature of a particular fact, better evidence is not attainable, the opinion of a witness, derived from observation, is admissible." Mayberry v. State, 107 Ala. 64, 18 So. 219, 220; Hodges v. Wells, 226 Ala. 558, 147 So. 672; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; Rowe v. Alabama Power Co. (Ala. Sup.) 167 So. 324; [3] 22 C.J. p. 554, § 655; 1 Whart.Ev. § 511; Watson v. State, 217 Ala. 164, 115 So. 101; Baugh v. State, 218 Ala. 87, 117 So. 426; Diamond v. State, 219 Ala. 674, 123 So. 55; Stinson v. State, 223 Ala. 327, 135 So. 571; Alaga Coach Line, Inc., v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470; Houston v. State, 227 Ala. 172, 148 So. 863; Thacker v. State, 225 Ala. 1, 142 So. 580; Orr v. State, 225 Ala. 642, 144 So. 867; Atlantic Pacific Stages, Inc., v. Yandle, 224 Ala. 481, 140 So. 603; Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205; Bains Motor Co. v. Le Croy, 209 Ala. 345, 96 So. 483.

■ The trial court committed error in not permitting defendant's witnesses Robinson and Teague to testify that certain marks on the pavement at the place of the accident were those made by a skidding car, located as the car in which plaintiff's intestate was riding and in which she sustained injury. These witnesses had qualified to testify to such collective fact.

■ For the purpose of another trial, we may observe that charges 4 and 5 were proper to refuse, where the complaint is for negligence in the construction or maintenance of the wire, and not for the removal of the same. Birmingham Railway, Light & Power Co. v. Jackson et al., 9 Ala.App. 588, 63 So. 782; Birmingham Ry., L. & P. Co. v. Jackson et al., 198 Ala. 378, 73 So. 627. Moreover, the charges were bad in form, and unsound.

The judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

---

[1] Post, p. 236.   [2] 231 Ala. 39.   [3] Post, p. 257.