170 So.2d 812

**CENTRAL OF GEORGIA RAILWAY COMPANY et al.**

**v.**

**McElroy BURTON, Administrator.**

**6 Div. 800.**

Supreme Court of Alabama.

Jan. 7, 1965.

Sadler, Sadler, Sullivan & Herring, Birmingham, for appellants.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellee.

LAWSON, Justice.

This suit was instituted by McElroy Burton, as the administrator of the estate of his mother, Janie Burton, deceased, under the wrongful death or homicide statute, § 123, Title 7, Code 1940, against Central of Georgia Railway Company and Edwin L. Cutcliffe.

The amended complaint upon which the case was submitted to the jury contained two counts. The first count charged negligence, the second was based on wantonness. The defendants pleaded the general issue in short by consent in the usual form.

There was verdict for the defendants. Judgment followed the verdict. The plaintiff filed a motion for a new trial, which was granted on specified grounds. From the judgment granting the new trial the defendants have appealed to this court.

The appellants, the defendants below, assert that they were entitled to the general affirmative charge with hypothesis as to both counts of the complaint and, therefore, the trial court should not have granted a new trial to the plaintiff, even if it be conceded that some of the grounds of the motion for new trial were well taken.

■ Ordinarily, an appeal from a judgment granting a new trial brings up for revision only the judgment appealed from and the power of this court does not extend to the correction of errors occurring in the main trial, if any. Schuler v. Nelson Weaver Companies, Inc., 270 Ala. 727, 121 So.2d 908, and cases cited.

■ But errors in the main trial, if they exist, can be considered so far as they might affect the propriety of the judgment granting the new trial when resorted to for that purpose, as is done in this case. Karter v. Peck, 121 Ala. 636, 25 So. 1012.

■ If the defendants were entitled to affirmative instructions as to both counts of the complaint, this of itself would ordinarily negative the right of the plaintiff to a new trial. Choate v. Alabama Great Southern R. Co., 170 Ala. 590, 54 So. 507; Bennett v. Ryan, 206 Iowa 1263, 222 N.W. 16; Kalinowski v. Y. M. C. A., 17 Wash. 2d 380, 135 P.2d 852.

■ But we are unable to reach the question as to whether or not under the evidence adduced at the main trial the defendants were entitled to the affirmative instructions which they separately requested in writing as to both counts of the complaint. Plaintiff's intestate was killed at a railroad crossing in the City of Birmingham by a Central of Georgia train, of which the defendant Cutcliffe was the conductor. A diagram drawn on a blackboard of the locus in quo was used in describing the scene of the accident and it was admitted in evidence by agreement and presumably was before the jury. The diagram drawn on the blackboard is not before us, hence we cannot review the action of the trial court in declining to give the affirmative instructions requested by the defendants. Alabama Terminal R. Co. v. Benns, 189 Ala. 590, 66 So. 589; Godfrey v. Vinson, 215 Ala. 166, 110 So. 13; Alabama Power Co. v. Jackson, 232 Ala. 42, 166 So. 692; Moore v. Cooke, 264 Ala. 97, 84 So.2d 748; Central of Ga. Ry. Co. v. Graham, 218 Ala. 624, 119 So. 654; Gossett v. Pratt, 250 Ala. 300, 34 So.2d 145; Jefferson v. Republic Iron & Steel Co., 208 Ala. 143, 93 So. 890; Wright-Nave Contracting Co. v. Alabama Fuel & Iron Co., 211 Ala. 89, 99 So. 728; Bates v. Louisville & N. R. Co., 21 Ala.App. 176, 106 So. 394.

The case of Howell v. Roueche, 263 Ala. 83, 81 So.2d 297, is distinguishable in that the diagram used in the trial of that case was not introduced in evidence.

■ The statement in appellants' brief to the effect that on the main trial the court should have granted the affirmative instructions requested by appellants as to the wanton count because of certain claimed deficiencies in averment in that court is not sufficient to warrant our consideration of the correctness of the statement or to justify a consideration of the question as to whether an erroneous refusal to give such instructions would render invalid the judgment granting appellee a new trial. No authority is cited nor argument made in support of the statement. See Howell v. Moon, 217 Ala. 421, 116 So. 518.

■■ The new trial was granted on the ground, among others, that error was committed on the main trial in the giving of defendants' written requested charge no. 24, which reads:

"The court charges the jury that unless you are reasonably satisfied from the evidence that Mr. Moody was conscious of the fact that the plaintiff's intestate was not going to stop in a position of safety and that thereafter Mr. Moody had an opportunity to prevent the accident, you cannot find a verdict in favor of plaintiff under Count 1 of the complaint, as amended."

Charge 24 was evidently drafted to state the law of subsequent negligence, which was included in Count 1 of the complaint as amended. The charge is so worded that it is an affirmative instruction in favor of the defendants as to the initial negligence of the defendants. Unless the defendants were entitled to an affirmative instruction in regard to the charge of initial negligence, then it was error to give charge 24. As we have pointed out above, we do not have before us all of the evidence that was introduced. Hence, we cannot here pass on the question as to whether the defendants were entitled to the affirmative charge in regard to initial negligence. In Alabama Power Co. v. Jackson, 232 Ala. 42, 166 So. 692, it was held that in a death action where the trial court had before it photographs which were material evidence, but which were not included in the bill of exceptions, this court would not pass upon written charges predicated on evidence or upon lack of evidence.

■ Since we cannot determine whether the defendants were entitled to the affirmative charge in regard to initial negligence, we cannot reverse the trial court for granting a new trial on the ground that charge 24 was erroneously given in that it amounted to the affirmative charge in favor of the defendants as to the initial negligence of the defendants charged in Count 1.

Furthermore, charge 24 directs a verdict for the defendants unless the jury was

reasonably satisfied from the evidence that Mr. Moody, the engineer, was guilty of subsequent negligence without regard to the evidence as to discovery of peril by the fireman. Southern Ry. Co. v. Patterson, 203 Ala. 555, 84 So. 260; Herring v. Louisville & N. R. Co., 195 Ala. 422, 70 So. 749. Charge 34 given at the request of the defendants was also found by the trial court to have been incorrectly given. It is also subject to the criticism that it ignores the evidence as to discovery of peril by the fireman.

The other grounds of the motion for new trial which the trial court found to have been well taken deal with a remark made by the trial court during the course of the trial which will, no doubt, not occur on another trial; hence those grounds need not be treated.

The judgment of the trial court granting the new trial is affirmed.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.