# Montgomery Street Railway *v.* Rice.

## *Action for Injury to Mule.*

1.  *Damages; wantonness or wilfulness.*—In an action for damages charging defendant with wanton or wilful wrong, the question of wantonness or wilfulness *vel non* is properly left to the jury.

2.  *Charge to jury; error to single out particular facts.*—It is error in a charge to the jury to give undue prominence to particular facts upon which the defendant hypothesizes a particular phase of his defense.

3.  *Same; rate of speed; when question for jury.*—In an action against a street railway company to recover damages for injury to a mule, alleged in the complaint to have been caused by the wilful or wanton negligence of the defendant, where the evidence shows that the accident occurred at the intersection of two streets where the mule could not have been seen by the motorman until the car had reached the crossing, the question as to whether running the car at the rate of 5, 6 or 7 miles an hour at such place was wilful or wanton negligence, is a question for the jury.

[Montgomery Street Railway v. Rice.]

4. *Wilful or wanton injury; what constitutes.*—The rule of law
as to wanton or wilful injury, is correctly set forth in the
charge, "The court charges the jury that before a party can
be said to be guilty of wilful, or wanton conduct, it must be
shown that the person charged therewith was conscious from
his knowledge of existing conditions that injury would likely
or probably result from his conduct, and that with reckless
indifference to consequences he consciously and intentionally
did some wrongful act, or omitted some known duty which
produced the injury.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

This action was tried on the 3d count of the complaint
charging the defendant with wilfully or wantonly in-
juring a mule, the property of plaintiff, to which count
the defendant interposed the plea of "not guilty." There
was a verdict for the plaintiff.

The evidence showed that defendant was engaged in
the business of operating an electric street railway in
the city of Montgomery. That one of defendant's lines
ran along Chandler street, and that the track was straight
for several hundred yards on either side of the intersec-
tion of Chandler and Procter streets. That plaintiff's
mule hitched with another mule was being driven in a
walk along Procter street, and was struck at the intersec-
tion of Chandler street and Procter street by one of de-
fendant's cars, and badly injured. The evidence for
the plaintiff showed that the wagon to which the mule
was hitched was loaded with sand; that no view of
Chandler street could be had until the car track was
reached on account of intervening buildings; that the
mule was struck as it got upon the track and simulta-
neously with the driver's first sight of the car. The
plaintiff introduced witnesses who testified that the car
was going "very fast," "as fast as it could go," "about
fifteen miles an hour." The defendant's witnesses tes-
tified that the car was going six or seven miles an hour.
There was conflict in the testimony as to whether or not
the motorman rang the bell on approaching the cross-
ing. The motorman testified to applying brakes as soon
as he saw the peril. The defendant asked and the court
refused the following written charges: 1. "The court

charges the jury that if they believe the evidence in this case they will find a verdict for the defendant." 2. "The court charges the jury that if they believe the evidence in this case, they should not find a verdict under the 3d count of this complaint." 3. "The court charges the jury that there is no evidence in this case of any wilful or wanton conduct on the part of the defendant, or its agents or servants, or employees in charge of the car, which collided with plaintiff's mule." 4. "The motorman had the right to assume, on approaching Procter street, that travellers on foot or in vehicles would look and listen for approaching cars before attempting to cross the track, and this fact you may look to in determining whether or not the motorman was guilty of wilful or wanton wrong." 5. "The court charges the jury that if you believe from the evidence that the car was not being run faster than five or six miles an hour, and that after the motorman discovered the peril of the mule he put on the brakes and tried to stop the car but was unable to do so before the injury happened, then there can be no recovery in this case." 6. "If you believe from the evidence that the car was being run at the rate of five or six miles an hour, then this would not warrant a verdict against the defendant for wilful or wanton wrong." 7. "The court charges the jury that before a party can be said to be guilty of wilful or wanton conduct, it must be shown that the person charged therewith was conscious of his conduct, and conscious from his knowledge of existing conditions that injury would likely or probably result from his conduct, and that with reckless indifference to consequences, he consciously and intentionally did some wrongful act, or omitted some known duty which produced the injury." The defendant severally excepted to the refusal by the court of the foregoing charges, and the action of the court in this respect is assigned as error.

STEINER, CRUM & WEIL, for appellant.

HILL, HILL & WHITING, contra.

[Montgomery Street Railway v. Rice.]

ANDERSON, J.—The trial court charged out all of the counts of the complaint except number 3, which charges a willful or wanton act.

Under the evidence, although there was a conflict as to the rate of speed the car was going, and as to the motorman's knowledge of the surroundings, the trial court properly left it to the jury to determine, whether or not defendant was guilty of a wanton or willful wrong. *M. & C. R. R. v. Martin,* 117 Ala. 367; *L. & N. R. R. Co. v. Webb,* 97 Ala. 314.

Charge 4 was properly refused. It singles out a fact upon which it is hypothesized, and seeks to direct special attention to the evidence, tending to show that phase of the defense, and give it undue prominence. We have heretofore observed, more than once, that charges of this character, assuming that the jury may look to this fact or may consider that fact, or are unauthorized to infer certain formulative conclusions from the evidence, and especially from specific parts of it, are bad.—*E. T. V. & G. R. R. v. Thompson,* 94 Ala. 636; *Snyder v. Burke,* 84 Ala. 53; *Hawes v. State,* 88 Ala. 37; *Salin v. State,* 89 Ala. 56.

Charges 5 and 6 are bad and were properly overruled. We cannot as a matter of law, say that the defendant was not guilty, if the car was not going faster than 5, 6 or 7 miles an hour at such a crossing as is described by the evidence. It was a question for the jury; besides the charges do not attempt to fix the speed of the car at the time of the injury. The car may have been running at the rate of 5, 6 or 7 miles an hour, during the day, yet may have been running much faster when the injury was inflicted.

The 8th charge has often received the condemnation of this court. It is argumentative and also calls upon the trial court, to declare to the jury, that there is no evidence of a particular fact.—*Jefferson v. State,* 110 Ala. 89.

Charges 7 asserts the law, and for its refusal, the judgment of the court must be reversed.—*L. & N. R. R. Co. v. Orr,* 121 Ala. 489; *M & C. R. R. v. Martin, supra.*

Reversed and remanded.

MCCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.