# Birmingham Railway, Light & Power Co. v. Jackson, *et al.*

### *Damage for Death from Overcharged Wire.*

(Decided November 20, 1913.  63 South. 782.)

1. *Action; Nature of Cause; Joinder.*—Where the action was for the death of plaintiff's intestate by coming in contact with a heavily charged electric wire, permitted by defendant's servant to remain hanging in a street, a count alleging that decedent's death was caused by the wanton or willful conduct of defendant, its agents or servants, "as aforesaid," did not change the count to one in trespass charging actual participation by defendant in the act complained of, it not being an independent charge, but ascribing such acts to have been done "as aforesaid" thus referring the allegation to the facts particularized in the former part of the count.

2. *Electricity; Wanton Injury; Complaint.*—In an action for the death of plaintiff's intestate by contact with a heavily charged wire which had been permitted to remain hanging in the street, a count alleging that defendant's servants or agents were cognizant of the circumstance and condition at the time and place in question, and knew that injury would probably be inflicted as a proximate result of their negligence in permitting the wire to remain hanging in the streets sufficiently alleged a wanton injury, and was not defective because it alleged wantonness or willfulness in the alternative.

4. *Same; Instruction.*—Where a plaintiff's intestate was killed by a heavily charged wire belonging to defendant, and the action for his death was tried on the issue of wantonness as well as simple negligence but in which willfulness did not enter, the negligent or wanton act counted on having reference to defendant's leaving the wire exposed and hanging in the street subsequent to its having been broken and becoming detached from its fastenings, and not on an averment or proof of negligence or wanton act as to stringing or fastening the wire to prevent its falling into the street, defendant was entitled to have the jury instructed that defendant was entitled to have a reasonable time to repair or remove it after the wire fell, and if intestate's injury occurred before the expiration of said time, plaintiff could not recover.

4. *Negligence; Care Required; Reasonable Prudence.*—Reasonable prudence requires that where the danger is known to be great, the care shall be commensurate therewith, since what under some conditions would amount to ordinary care, under others might be a reckless disregard of the rights of others which is wantonness in law.

5. *Same; Instructions.*—Where one of the counts in a complaint charged a wanton injury and was supported by the evidence, the court erred in refusing to give a charge defining wantonness, although it did not charge on the wanton or willful phase of the case.

6. *Same.*—A charge asserting that before defendant could be guilty of wanton or willful conduct, it must be shown that the person charged therewith is conscious of his conduct, and conscious from his knowledge of existing circumstances and conditions that injury would probably result from such conduct, and that, with reckless indifference to consequences, he consciously and intentionally did some wrongful act or omitted some known duty which produced the injury, was proper and should have been given.

7. *Charge of Court; Misleading.*—A charge asserting that if the minds of the jury were in a state of confusion as to whether plaintiff should recover, then they could not find for plaintiff, was properly refused.

8. *Same; Curing Error; Oral Charge.*—The refusal to give a written charge is not cured by the fact that the proposition contained therein was covered by the court's oral charge.

APPEAL from Birmingham City Court.

Heard before Hon. WILLIAM M. WALKER.

Action by Irene Jackson and another as administrators, against the Birmingham Railway, Light & Power Company, for death of their intestate. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

The first count alleges that defendant was engaged in the operation of an electric railway and light and power plant, and used in connection with its business certain electric wires, and that defendants, its servants or agents, while acting within the line and scope of their employment, negligently left a live wire exposed at Twelfth street and Fifth avenue, public streets in the incorporated city of Birmingham, Ala., and that plaintiff's intestate came in contact with said wire, and was shocked and killed, and it is averred that the death of their said intestate was the proximate consequence of and caused by reason of the negligence of defendant, its servants or agents as aforesaid.

"(3) Plaintiff claims of defendant $30,000 as damages for this; that heretofore, to wit, on the 5th day of July, 1910, the defendant was engaged in the following business in Jefferson county, Ala., namely, the operation of an electric railway, light and power plant, and

used in connection therewith certain wires, which were strung along the streets of the incorporated city of Birmingham, Ala., a city of over 100,000 in population. And currents of electricity were conducted along or through said wires of a high voltage, and said wires were dangerous if they were not properly insulated or were left exposed, and were liable to come in contact with citizens upon the streets. And the plaintiff avers that on, to wit, the 5th day of June, the defendant's servants or agents acting within the line and scope of their employment, wantonly or willfully caused or permitted a live wire with highly dangerous electric current, to be left exposed at the following place, namely: Twelfth street and Fifth avenue, which was a public place in said city, where people passed and repassed, and where said wire was liable to come in contact with such people, knowing that plaintiff's intestate, or some other person would probably be injured or killed by said live wire. And plaintiff avers that as a proximate consequence of said willfulness and wantonness on the part of defendant's servants or agents, plaintiff's intestate, Ed Jackson, came in contact with said wire and was thereby killed. And plaintiff avers that the death of said intestate was a proximate consequence and caused by reason of the wantonness or willfulness of defendant, its servants or agents, as aforesaid."

The pleas were the general issue and contributory negligence. The evidence for plaintiff tended to show that during the night a high wind was blowing, and that about between 7 and 8 o'clock next morning one Smith passed along at Twelfth street and Fifth avenue, and saw a live wire with the end on the ground, and as the wind blew it against the post, it would blaze or flash, and that defendant was notified about 8 o'clock by phone that a live wire belonging to them was down at this point; that some time between 10 and 11 o'clock

that morning Ed Jackson, the deceased, came in contact with the wire as he was walking along the sidewalk, and was burned to death. It was further shown that the point where the accident happened was a public street where many people passed and repassed. The evidence for defendant tended to show that Jackson was warned not to go near the wire, and that he went up to it anyway, when it blew against his left side, burning him. Other witnesses stating that he caught hold of the wire after being told that it was a live wire.

The following charges were refused to defendant:

"(5) The court charges the jury that defendant was entitled to a reasonable time after the fall of the wire to repair it, or to remove it out of the way of persons using the street; and, if the jury find that the injury to plaintiff's intestate occurred before the expiration of such a reasonable time, then the plaintiff is not entitled to recover anything in this action.

"(6) The court charges the jury that before a party can be said to be guilty of willful or wanton conduct it must be shown that the person charged therewith was conscious of his conduct, and conscious, from his knowledge of the existing conditions, that injury would likely or probably result from his conduct, and that, with reckless indifference to consequences, he consciously and intentionally did some wrongful act, or omitted some known duty which produced the injury."

"(3) The court charges the jury that if your minds are in a state of confusion as to whether plaintiff is entitled to recover in this action, then you cannot find a verdict for plaintiff."

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The demurrers brought into question the sufficiency of count 3 after amendment, and

these demurrers should have been sustained.—*B. R. L. & P. Co. v. Parker,* 156 Ala. 251; *Merrill v. Sheffield Co.,* 169 Ala. 252; *L. & N. v. Orr,* 121 Ala. 489; *Cartlege v. Sloan,* 124 Ala. 596; *B. R. L. & P. Co. v. Brown,* 150 Ala. 327; *Neyman v. A. G. S.,* 55 South. 509; *So. Ry. Co. v. Weatherlow,* 153 Ala. 172. The count is further defective in joining trespass and case in the same count. —*So. Ry. v. Hanley,* 166 Ala. 641; *Freeman v. C. of Ga.,* 154 Ala. 621; s. c. 140 Ala. 581; *City D. Co. v. Henry,* 139 Ala. 161. The court erred in refusing charge 3.— *B. R. L. & P. Co. v. Saxon,* 59 South. 583. The court erred in refusing charge 5.—31 L. R. A. 578; 47 Atl. 1123; 115 Ga. 366; 92 S. W. 547. Charge 6 should have been given.—*Mont. St. Ry. v. Rice,* 142 Ala. 674, and authorities cited. Charge 6 asserts a correct proposition and should have been given, as count 3 was in the case before and after the court's oral charge. and was supported by some tendencies in the evidence.

GASTON & PETTUS, for appellee. The particular averments of count 3 do not constitute wantonness or willfulness.—*Neyman v. A. G. S.,* 172 Ala. 610; *Brown's Case,* 150 Ala. 327. But they do charge defendant with negligence, and charged such negligence sufficiently.— 15 Cyc. 473; 35 South. 731; 56 S. W. 153; *Rogers v. Brooks,* 99 Ala. 365. Hence, there was no misjoinder.— *B. R. L. & P. Co. v. Parker,* 156 Ala. 253; *Bir., etc. v. Weathers,* 164 Ala. 31. Charge 3 was misleading, and properly refused. Charge 5 was properly refused.—15 Cyc. 472; 53 L. R. A. 147; 56 S. W. 153; 34 L. R. A. 812. The error, if any, was cured as the same proposition was clearly stated in the court's oral charge.

PELHAM, J.—As amended, the complaint consisted of three counts. Count 2 having been withdrawn by the

plaintiff (appellee here), the case was submitted to the jury on the first and third counts. The third count of the complaint as amended, as we construe it, is a count charging wanton or willful injury. By its averments it charges in terms, and shows by the facts alleged, wantonness or willfulness. The allegation that the defendant's servants or agents were cognizant of the surrounding circumstances and conditions existing at the time and place in question, and knew that the injury would likely or probably be inflicted as a proximate result of the conduct on their part complained of is an allegation of consciousness on the part of defendant's agents or servants that the injury would likely or probably result from such conduct. There is a sufficient averment of facts necessary to constitute a good count for wanton injury, and it is not rendered bad by the averment being in the alternative as to the charge of wantonness or willfulness.—*So. Ry. Co. v. Weatherlow,* 153 Ala. 171, 175, 44 South. 1019. The cases of *B. R., L. & P. Co. v. Brown,* 150 Ala. 327, 43 South. 342, and *So. Ry. Co. v. Weatherlow,* 153 Ala. 171, 44 South. 1019, cited as authorities to the contrary of the conclusion reached by us, are not only not in the way of our holding, but upon proper analysis will be found to support the conclusion reached as to this count.

Charging the injury suffered to the wanton or willful conduct of the defendant, its servants or agents, "as aforesaid," in the concluding sentence of the third count as amended, does not change the count to one in trespass, charging an actual participation on the part of the defendant in the act complained of, for this is not an independent charge· but merely ascribes the act to have been done "as aforesaid;" and, referring the allegation to the facts particularized in the fore part of the count, charging the injury to acts of the agents or servants of

the defendant, and not considering this allegation as an independent averment, as is the proper rule (*B. R., L. & P. Co. v. Parker,* 156 Ala. 251, 47 South. 138; *B. R., L. & P. Co. v. Weathers,* 164 Ala. 23, 51 South. 303; *B. R., L. & P. Co. v. Gonzales,* 180 Ala., 61 South. 80), the count is clearly in case, and not subject to the demurrer that trespass and case are joined in the same count.

There was evidence before the court having a tendency to support the third count of the complaint, and it was not error to refuse the general charge requested on behalf of the defendant as to this count. "Reasonable prudence requires that, where the danger is known to be great, the care and watchfulness shall be commensurate with it, and it is a legal truism that what, under some conditions, will amount to ordinary care will under other conditions, amount to even that reckless disregard of the rights of others which, in law, is wantonness.— *Grand Trunk Ry. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; *Birmingham R., L. & P. Co. v. Williams,* 158 Ala. 381, 48 South. 93; *Matson v. Maupin,* 75 Ala. 312." *B. R., L. & P. Co. v. Murphy,* 2 Ala. App. 588, 593, 56 South. 817, 819.

It would appear from the rulings on the pleading and the written charges given at the request of the defendant, as they are shown in the record, that count 3 of the complaint was treated on the trial as we have construed it—i. e., as charging a wanton or willful injury —and while the court in its oral charge, which is set out in the transcript, did not charge on the wanton or willful phase of the case, there was evidence before the jury tending to support the allegation of wantonness, and written instructions were given in charge to the jury in which they were instructed, in effect, that the defendant's pleas of contributory negligence, as a defense to the cause of action, were limited to that count

[Birmingham Railway, Light & Power Co. v. Jackson, et al.]

of the complaint (count No. 1) counting upon simple negligence, and were, by necessary inference, no answer to the allegations of wantonness or willfulness as set up in the third count.

Under these conditions, we are unable to say that the refusal of the court to give the charge requested by the defendant defining wantonness (charge No. 6) was error without injury, because that issue was not before the court. We are inclined to think, from a fair interpretation of the record, that it shows such an issue was before the jury; and, if so, then clearly the defendant had the right to have the jury instructed at its written request as to what constituted willful or wanton conduct on its part. That was the only way in which it could protect its right to have the jury instructed on this phase of the testimony, and its liability on that account, when the court had failed to instruct the jury with reference to this matter.—*Williams v. State,* 147 Ala. 10, 41 South. 992; *Grisham v. State,* 147 Ala. 1, 41 South. 997.

Charge No. 6 correctly states the law, and, under our view of the case as shown by the transcript, should have been given.—*Montgomery St. Ry. Co. v. Rice,* 142 Ala. 674, 38 South. 857; *L. & N. R. R. Co. v. Orr,* 121 Ala. 489, 26 South. 35; *M. & C. R. R. Co. v. Martin,* 117 Ala. 367, 23 South. 231.

The case having been tried throughout and presented to the jury on the questions of wantonness and simple negligence in which willfulness did not enter, it was error to refuse charge No. 5, requested in writing by the defendant. The negligence or wanton act counted on and relied upon had reference to the wire's having been left exposed and hanging down in the street subsequent to its having been broken or becoming detached from its fastening, and was not based on an averment

or proof of negligence or a wanton act having reference to a failure to properly string or fasten the wire, etc., to prevent its falling down in the street. Under these issues and this proof, charge 5 should have been given. —*Mitchell v. Charleston Co.*, 31 L. R. A. note, pp. 578, 579; *Read v. City Ry. Co.*, 115 Ga. 366, 41 S. E. 629; *Smith v. Electric Co.*, 198 Pa. 19, 47 Atl. 1123; *Martin v. Citizens' Co.* (Ky.) 92 S. W. 547; *Aument v. Penn. Tel. Co.*, 28 Pa. Super. Ct. 610.

Under the established prevailing rule, there is no merit in the appellee's contention that, because the proposition contained in this refused written charge (No. 5) requested by appellant was covered by the court's oral charge to the jury, the failure to give the written instruction, if error, was cured or rendered harmless.

The court properly refused charge No. 3, requested by the appellant.—*A. G. S. R. R. Co. v. Robinson* (Sup.) 62 South. 813, 815; *B. R., L. & P. Co. v. Adkins*, 62 South. 367.

We have discussed all assignments of error argued and insisted upon by counsel in brief filed. For the reasons pointed out, the judgment appealed from must be reversed.

Reversed and remanded.

THOMAS, J., concurs in the conclusion reached, but is of the opinion, under the influence of what is held in the cases of *B. R., L. & P. Co. v. Brown, supra,* and *So. Ry. Co. v. Weatherlow, supra,* that the trial court was also in error in not sustaining the defendant's demurrers to the plaintiff's third count of the complaint as amended.