# Birmingham Ry. L. & P. Co. v. Jackson, *et al.*

### Death Action.

(Decided November 16, 1916. Rehearing denied December 30, 1916.
73 South. 627.)

1. **Electricity; Injuries; Complaint.**—The count setting up simple negligence of the defendant by or through its servants or agents acting within the line and scope of their employment in leaving a live wire exposed and hanging from a pole on the public streets of the city with which live wire plaintiff's intestate came into contact and was killed, was not subject to the demurrers interposed thereto.

2. **Same; Wanton; Contributory Negligence.**—In such an action the defense of contributory negligence on the part of plaintiff is no answer to a count charging wanton or willful injury.

3. **Charge of Court; Cured by Those Given.**—The failure of the court in charging on simple negligence to state that the duty breached must have been a duty owing to the deceased was not prejudicial where the record showed that the death of the decedent was caused from a live wire on the streets and the entire oral charge stated that defendant's duty was owing to decedent as well as other citizens entitled to the use of the streets.

[Birmigham Ry., L. & P. Co. v. Jackson, et al.]

4. **Electricity; Wantonness; Instructions.**—A charge defining wantonness as "where a person knowingly commits a matter that is wrong" is not open to the objection of failing to charge a knowledge of the situation, where the quoted words formed a part of the sentence concluding as follows, "a person does it  *  *  *  with that absolute disregard of the consequences of the act after he has had knowledge of the conditions."

5. **Appeal and Error; Exceptions; Instructions.**—Where an instruction was given as to the duty of the company to make inquiry over its line after such a storm as would likely result in damages to its wires, an exception to a part of the sentence therein reading "it would be the duty of the company to have made inquiries over its line" was without merit.

6. **Same.**—Where the exceptions showed on its face that the part of the charge excepted to was dependent on a predicate laid by the court and not included in the exception, the exception was too indefinite and incomplete to be considered.

7. **Same.**—The purpose of the rule requiring exceptions to be specific is that the trial court should have its attentions specifically directed to the alleged error and so examine it and if convinced of its error voluntarily correct the same.

8. **Electricity; Contributory Negligence; Jury Question.**—Under the evidence in this case the question of the contributory negligence of the plaintiff was for the jury to decide.

9. **Charge of Court; Construction.**—A charge asserting that the written charges given by the court were not intended to change the oral charge but that the entire charge, written and oral, should be taken and construed together was proper.

APPEAL from Birmingham City Court.

Heard before Hon. A. H. ALSTON.

Action by Irene Jackson and another, as administrators, against the Birmingham Railway, Light & Power Company. From judgment for plaintiffs, defendant appeals. Affirmed.

Suit by Irene Jackson and another, as administrators of the estate of Ed Jackson, deceased, against appellant, for recovery of damages for the death of their intestate, caused by his coming in contact with a live wire hanging from a pole of appellant's electric line and exposed on one of the public streets of the city of Birmingham. This is the second appeal in this cause; the former appeal being reported as the case of *B. R., L. & P. Co. v. Jackson,* 9 Ala. App. 588, 63 South. 782.

Counts 1 and 3 as amended are set out in the report on former appeal, together with a general statement of the issues involved, and will not be repeated here. Demurrers to these counts as amended were overruled, and demurrers to the plea of contributory negligence were overruled as to count 1, but sustained as to

count 3, the latter being held a count for recovery as for wanton or willful injury.

The following exceptions were reserved to portions of the court's oral charge:

(1) "Simple negligence is the omission to do something, discharge some duty, or to do a thing wrongfully that was out of the line of duty."

(2) "Wantonness is where a person, knowingly commits a matter that is wrong."

(3) "It would be the duty of the company to have made inquiries over its line."

(4) "Then this company would have been guilty of wanton negligence or wanton wrong."

(5) "I charge you that there was a duty upon the company, if there had been a storm or anything calculated to· make the inquiry or investigation that would have been necessary to have disclosed to them the dangerous condition, and then to have repaired it as speedily as they could."

Immediately following the exception to this portion of the charge the court added:

"That it reasonably could. You remember I stated to the jury that the law did not require anything unreasonable."

The affirmative charge as to counts 1 and 3 was asked and refused, and motion for a new trial was denied. There was verdict and judgment for plaintiff, and defendant appeals.

TILLMAN, BRADLEY & MORROW and JOHN S. STONE, for appellant. ERLE PETTUS, for appellee.

GARDNER, J.— (1) The first count relies for recovery upon simple negligence on the part of defendant, by its servants or agents while acting in the line and scope of their employment, in leaving a live wire exposed on one of the public streets of the city of Birmingham, with which wire plaintiff's intestate came into contact and was killed. The count was not subject to the demurrer interposed.—*Postal T. C. Co. v. Jones,* 133 Ala. 217, 32 South. 500; *Sheffield v. Morton,* 161 Ala. 153, 49 South. 772; *B. R., L. & P. Co. v. Cockrum,* 179 Ala. 372, 60 South. 304.

Count 3, as amended, was fully treated by the Court of Appeals on former appeal.—*B. R., L. & P. Co. v. Jackson,* 9 Ala. App. 588, 63 South. 782. We approve that court's finding as to

the sufficiency of said count.   Demurrer to the count as amended was properly overruled.

(2) Count 3 as amended charges wanton or willful injury, and there was no error in sustaining the demurrer to the pleas of contributory negligence in so far as they attempted to set up such defense as against this count.

(3) Numerous exceptions were reserved to portions of the oral charge of the court, some of which will be found set out in the above statement of the case.   The argument on the first exception as to simple negligence is based on the failure of the definition to show that the duty breached must have been one owing to the party injured, citing, among other authorities, *So. Ry. Co. v. Drake*, 166 Ala. 545, 51 South. 996.

The evidence is without dispute that on the night previous to the day on which the intestate was killed there was an unusual storm in the city of Birmingham, many houses and trees being blown down, and that a live wire was seen hanging from one of defendant's electric light poles on the moring following the storm, with which wire the intestate came into contact between the hours of 10:30 and 12 a. m., at the intersection of two public streets in the city of Birmingham.

If it be conceded that, according to the strict rule, the definition of simple negligence, to which exception was reserved, was incomplete for the reason assigned in the argument, yet it is clear from the record and from the entire oral charge that the jury fully understood that the breach of duty must have been one in this particular case which was owing to the intestate as a citizen entitled to the use of the public streets.

(4) The objection to the definition as to wantonness, constituting exception number 2, is its failure to charge a knowledge of the situation.   This objection is met, however, by the concluding part of the sentence of which the exception forms a part, as follows: "A person does it  *  *  *  with that absolue disregard of the consequences of the act after he has had knowledge of the conditions."

(5) We see no merit in the exception numbered 3 to the oral charge.   That portion of the oral charge covered by this exception, as set out in the statement of the case, was merely a part of the sentence wherein the court had instructed the jury as to the company's duty to make inquiries over its lines after such a storm as would likely result in damage to its wires.

(6) The sixteenth assignment of error is based upon the exception to oral charge numbered 4 in the above statement of the case. The exception is to a brief statement or conclusion, fragmentary and incomplete, showing on its face that it was dependent upon a predicate laid by the court, and not included in the exception. The proposition of the exception was therefore indefinite and incomplete, and presents no matter for review.

"A party excepting must make his exceptions so specific that the matter relied on as error will be apparent to this adversary and to the primary court."—*Kirby v. State,* 151 Ala. 66, 44 South. 38; *Irvin v. State,* 50 Ala. 181.

(7) One of the purposes of the rule, as stated in *Irvin v. State,* is that the trial court, having its attention specifically directed to the alleged erroneous matter, might satisfy itself as to the error assigned, and, if so convinced, voluntarily correct the same. The reasons for the rule are discussed in the *Irvin Case,* and, in our opinion, are fully applicable to the exception which constitutes the sixteenth assignment of error in this case.

We deem it unnecessary to separately treat other exceptions to the oral charge. We find in them nothing calling for reversal of the cause. It is clear that the exception to the oral charge of the court as a whole is without merit.—*Lacey v. State,* 154 Ala. 69, 45 South. 680.

(8) There was evidence for plaintiff tending to show that the intestate came in contact with the live wire while walking along the street in the customary manner, and evidence for the defendant to the effect that intestate voluntarily and without cause went to and took hold of the live wire. The issue as to contributory negligence was properly submitted for the jury's determination.

It was determined on the former appeal, with which conclusion we agree, that there was evidence tending to support count 3 as amended. The affirmative charge was therefore properly refused as to counts 1 and 3.—*B. R., L. & P. Co. v. Jackson, supra.*

We are not persuaded that we should disturb the action of the court in overruling the motion for a new trial.

(9) The written charge given at the request of plaintiff merely stated, in substance, that the written charges given by the court were not intended to change the oral charge, but that the entire charge of the court, oral and written, should be taken

[Denson v. Alabama Fuel & Iron Co.]

and construed together as constituting the law of the case. There was no error in the giving of this charge.

We find no reversible error in the record.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.