176 So.2d 868

**Martha E. SMITH**

v.

**Robena MOORE.**

**5 Div. 811.**

Supreme Court of Alabama.

May 27, 1965.

Rehearing Denied July 15, 1965.

Walker & Hill, Opelika, for appellant.

Samford, Torbert & Denson, Opelika, for appellee. ·

SIMPSON, Justice.

Wallace L. Griffin, who was approximately 80 years old at the time of his death, died in Lee County leaving a will which devised 100 acres of farm land to his stepdaughter, Robena Moore, the appellee, and an additional 99 acres to his grandson, Lee Isaac Wallace. The appellant, who is the daughter of the decedent and an illegitimate daughter were bequeathed jointly the proceeds of insurance policies. The residuary estate was left to appellee.

The appellant contested the will on two grounds:

(1) That it had been procured by the undue influence of the appellee, Robena Moore;

(2) That the will was subsequently revoked by the testator by an instrument in writing.

The appellee, proponent of the will, denied that it was procured by undue influence, but rather contended that the revocation was procured by the undue influence of contestant's son, Lee Isaac Wallace, or others.

The cause was duly removed from the Probate Court of Lee County to the Circuit Court at law. The case was tried to a jury on October 26, 1964. The jury re-

turned a verdict in favor of proponent. The contestant filed a motion for a new trial which was denied. This appeal followed.

The court charged the jury as follows:

"Now, gentlemen of the jury, the court charges you that in this case which you are now or will consider, that the form of this will itself—the form—is proper. The Court further charges you that the revocation is in proper form. So you don't have to consider that. The form of the will is proper under Alabama law; the form of the revocation is proper under Alabama law. What you have got to determine, gentlemen, is whether or not undue influence was exercised by Robena Moore in the preparation of this will; and then was undue influence exercised by Martha E. Smith, Lee Isaac Wallace, or any other person, in procuring the revocation.

\*       \*       \*       \*       \*       \*

"In other words, gentlemen, every influence, no matter how great, although exercised successfully, is not necessarily undue. An important element must be present. The influence must not only have existed but must have been used and produced a will different from what the testator, if free from influence, would have made. The undue influence which will overturn or defeat a testamentary disposition of property must be of such a character as to overpower the will of the testator and substitute another will in its place. It must amount to controlling mental restraint and coertion destroying the free agency of the testator.

"Now, gentlemen of the jury, you do not have before you the question of testamentary capacity in this case; that is, the question of whether or not this man was of unsound mind. That question is not before you.

\*       \*       \*       \*   ·   \*       \*

"As to the will, the contestant, Martha E. Smith, charges that the proponent, Robena Moore, exercised undue influence over her stepfather in the execution of the will. On the other hand, Robena Moore charges that either Martha E. Smith or Lee Isaac Wallace—the same person as Pete Wallace—or some other person exercised undue influence over the old man, Wallace L. Griffin, in procuring the execution of the revocation. \*   \* the existence of a confidential relationship between the testator and the principal or large beneficiary under the will, coupled with activity on the part of the latter in or ·about the preparation or execution of the will, will raise a presumption of undue influence, and casts upon him the burden of showing that it was not induced by coertion or fraud on his part, directly or indirectly. \*   \*   \* In other words, gentlemen of the jury, whatever confidential relation exists between the testator and Robena Moore, as far as the will is concerned, or whatever confidential relationship existed between the testator, Wallace L. Griffin, and Martha E. Smith or Lee Isaac Wallace as far as the revocation is concerned, that confidential relationship alone would not raise a presumption of any undue influence on their parts. It would have to go further and show that there was some activity on the part of the person attempting to exercise the undue influence.

\*       \*       \*       \*       \*       \*

" \*   \*   \* even if you found that the will was the true last will and testament of Wallace Lee Griffin, and you further found that the will had been revoked, then, of course, the revocation would automatically do away with the will. But you can't stop there, gentlemen, you've got to go a step further and ascertain whether or not the revocation was induced or superin-

duced by the undue influence of Lee Isaac Wallace, the stepson, or Martha E. Smith, the daughter of the deceased."

At the conclusion of the oral charge, the contestant, appellant, requested that the following written charges be given the jury. The refusal of these charges is assigned as error:

"Charge #1. The Court charges the jury that if you believe the evidence in this case, you must find the issues in the case for the Defendant, Contestant, Martha E. Smith.

"Charge #2. The Court charges the jury that under the evidence in this case, you must find for the Defendant, Contestant, Martha E. Smith.

"Charge #5. The Court charges the jury that there is no evidence in this case of any undue influence over Wallace L. Griffin by Martha E. Smith with respect to the revocation of said Will executed by the said Wallace L. Griffin.

"Charge #6. The Court charges the jury that there is no evidence in this case of any undue influence over Wallace L. Griffin by Isaac Wallace with respect to the revocation of said Will executed by the said Wallace L. Griffin."

■■■ Charges No. 1 and No. 2 amount to affirmative charges in favor of the contestant-appellant. The refusal to give these charges was not error. As we have so often stated, the scintilla rule prevails in this state and a mere spark of evidence or inference to be drawn from any evidence in support of the theory of the case against whom the affirmative charge is sought is sufficient to compel the denial of the affirmative charge. 18A Ala. Digest, Trial, ☞139(1), et seq. We have read the record and find sufficient evidence on the factual matters to warrant submitting the case to the jury.

■■■ The refusal of Charges No. 5 and No. 6 was without error. They call upon the court to charge the jury that there is no evidence of a stated fact. It is not error to refuse such charges. Pollard v. Williams, 238 Ala. 391, 191 So. 225; Little v. Sugg, 243 Ala. 196, 8 So.2d 866; Montgomery St. Ry. v. Rice, 142 Ala. 674, 38 So. 857; 18A Ala. Digest, Trial, ☞194(8).

Appellant next complains that the court erred in giving the following charges at the request of proponent-appellee:

"Charge #2. I charge you, gentlemen of the jury, that a writing in order to be an effective revocation of a Will, must be executed and attested in the same way as a Will itself.

"Charge #10. I charge you, gentlemen of the jury, that if there is error in the description of land in the Will in this case, that is a matter to be considered in a proceeding for construction of the Will and should not enter into your consideration of the evidence in this case."

■■■ These charges contain correct statements of the law. The appellant contends that Charge No. 2 submits to the jury the question of whether the instrument of revocation was executed in accordance with the statute. We do not agree. The court in its oral charge carefully impressed the jury that both the will and revocation were in proper form. There could not have been any doubt in the minds of the jury that the sole issue for its decision was whether either or both instruments were the product of undue influence on the testator by any person.

These are solely questions of fact as to whether any person exercised undue influence upon the testator to procure the execution of the will and/or the execution of the revocation of the will.

The jury was well charged. It returned a verdict declaring that the instrument contested was the last will and testament

of Mr. Wallace L. Griffin and that the subsequent revocation thereof was procured by undue influence. It is unimportant that we might have reached a different conclusion on the evidence as shown by the record. We did not see the witnesses nor have a chance to observe the parties first hand. The important consideration is that there is evidence in the record from which the jury could have reached the verdict it rendered. It is conceded by all parties that it is next to impossible to produce direct evidence of the exercise of undue influence over another person. Frequently the best evidence which can be offered for either proponent or contestant is circumstantial, tending only to support inferences which can be drawn therefrom. The court quite properly submitted these issues to the jury. Romano v. Romano, 277 Ala. 207, 168 So.2d 236; Grady v. Wallace, 272 Ala. 119, 130 So.2d 21; Brooks v. Everett, 271 Ala. 354, 124 So.2d 105.

There is evidence here that the son of appellant, Lee Isaac Wallace, said on at least one occasion that "that will ain't going to go through. It won't stand." Evidently the jury concluded from all of the evidence that the revocation was procured by fraud or undue influence. Most of the actions of the appellee which appellant contends support her theory of undue influence by the proponent of the will occurred some ten years prior to the execution of the will. The jury was unconvinced that the will was the product of undue influence and it is not our province to substitute our judgment for theirs when there is some evidence to support the verdict.

Clearly any evidence which would tend to shed light on the issues should be admitted. On this principal appellant bases her argument that certain deeds running from H. C. Crayton and wife to P. L. Huguley and wife, dated December 2, 1911, and a deed from Ella Huguley and others to A. L. Thomas and Dalphine F. Thomas, dated June 15, 1948, should have been admitted and assigns as error the court's exclusion of them. The basis of appellant's argument regarding the admission of these instruments stems from the fact that the legal description of the real property as contained in the will incorrectly described the decedent's property. This is the matter which appellee's Charge No. 10 aludes to. On the facts as set forth in the record we find no error in refusal to admit the above deeds into evidence nor in the giving of the requested Charge No. 10. It is uncontroverted that the scrivener of the will, an attorney, testified that he obtained the description of the property which he described in the will from a personal ·examination of the records in the tax assessor's office. We cannot see how these documents could have thrown any light upon the issues in the case.

This case was well tried and well argued here and we find no error to reverse.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.