STEAGALL, Justice.
This is an appeal from a judgment based on a jury verdict in favor of the contestants of a will.
Jessie M. Maynor, a widow, died on October 10, 1987, leaving a surviving daughter, Dorothy M. Green. She was also survived by four grandchildren, William M. Meadows and Jeannette Meadows Briscoe, who are the children of Maynor’s deceased daughter Jeannette Meadows; and Patricia Koetchke and Pamela Gardner, the daughters of Dorothy Green.
Maynor executed a last will and testament on October 29, 1975, approximately one month after the death of her daughter Jeannette. The will named Dorothy Green as executrix and Dorothy’s husband, Ross B. Green, Jr., as alternate executor. The will devised and bequeathed the majority of her estate to Dorothy Green, with Dorothy’s daughters named as contingent beneficiaries. William Meadows and Jeannette Briscoe were each specifically bequeathed one-half of certain Keystone S-2 mutual funds and Alabama Bancorporation common stock. Further, Maynor executed deeds to three separate parcels of real estate to Dorothy and Ross Green.[1]
*545 On September 29, 1977, Maynor executed a “Codicil To Will,” changing the name of the Keystone S-2 Mutual Funds, previously referred to in her will, to Keystone S-l Mutual Funds. The codicil expressly ratified, confirmed, and republished the will as of the date of the codicil.
On January 12, 1988, the Probate Court of Jefferson County ordered that Maynor’s last will and testament and codicil be recorded together and that the “instruments be duly admitted to probate as the Last Will and Testament of Mrs. Jessie M. May-nor.” On the same day, Meadows and Briscoe filed a complaint in the Circuit Court of Jefferson County, pursuant to Ala.Code 1975, § 43-8-199, contesting the “alleged Will of Jessie M. Maynor which has been submitted to probate in Jefferson County by [Dorothy] Green.” The complaint specifically averred that Maynor lacked the requisite mental capacity to execute a will and that the will was procured by undue influence. Green filed an answer, alleging that the will and codicil were both executed properly and specifically denying Meadows and Briscoe’s averments of mental incapacity and undue influence. On July 26, 1988, Meadows and Briscoe amended their complaint, specifically challenging the codicil, alleging that Maynor lacked the requisite mental capacity and that the codicil was procured by the undue influence of Green.
The case was tried before a jury. On June 30, 1989, the jury returned a verdict in favor of Meadows and Briscoe, finding the will and codicil invalid. The trial court entered a final judgment on April 24, 1990, from which Green appeals.
The first issue raised on appeal is whether the initial complaint was sufficient to invoke the jurisdiction of the trial court, pursuant to § 43-8-199. Green argues that the initial complaint attacks the 1975 will only, which was expressly republished by the 1977 codicil. Green cites Reed v. Shipp, 293 Ala. 632, 308 So.2d 705 (1975), for the proposition that when a will is republished by a codicil, the will and codicil are merged into one instrument and construed as of the date of the codicil. Accordingly, Green submits that by challenging the 1975 will, jurisdiction was not “quickened” in the trial court, because the 1975 will existed only by way of its republication as of the date of execution of the codicil. Green further argues that Meadows and Briscoe’s attempt to cure this defect by filing an amended complaint is fatally defective because the amended complaint was untimely, being filed more than six months from the admission of the will to probate, and she cites Simpson v. Jones, 460 So.2d 1282 (Ala.1984).
It appears from the record that the probate court admitted both the will and the codicil as the last will and testament of Maynor. The “Order Probating the Last Will and Testament and Codicil Thereto,” dated January 12, 1988, states in part:
“[A]fter due proof and hearing had according to the laws of this state, the Court is satisfied and is of the opinion that said instruments are the genuine Last Will and Testament and Codicil thereto of said deceased, and that such instruments should be probated as the Last Will and Testament of said deceased. It is, therefore,
“ORDERED, ADJUDGED AND DECREED by the Court that said instruments be duly admitted to probate as the Last Will and Testament of Mrs. Jessie M. Maynor, deceased, and ordered to be recorded together with the proof thereof and all other papers on file relating to this proceeding.”
Furthermore, Green specifically raised in her answer to the complaint the validity of both the will and the codicil, referring throughout to the will and the codicil. In Simpson v. Jones, supra, this Court stated:
“We recognize that § 43-8-199 was enacted to provide an additional opportunity for contesting a will already admitted to probate. Furthermore, the dismissal of a complaint is not proper if the pleading contains ‘even a generalized statement of facts which will support a claim for relief under ARCP 8,’ because ‘[t]he *546 purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure.’
“We cannot, however, ignore the ultimate goal of pleadings under the Alabama Rules of Civil Procedure: to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests. The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures.”
460 So.2d at 1284-85 (citations omitted).
We find that the initial complaint was sufficient to give Green fair notice and to state a cognizable cause of action pursuant to the statute. In First National Bank of Arizona v. First National Bank of Birmingham, 348 So.2d 1041, 1046 (Ala.1977), this Court stated:
“In Alabama we have the rule based on statute that the writing of a second will revokes the first will, unless the former is referred to and preserved by the subsequent, or unless it is clear that the second will was intended as a codicil to be read together with the will.... No similar statute exists with regard to codicils, and we know of no Alabama case extending the rule to codicils. The purpose of a codicil is to explain, add to, or subtract from the provisions of the will. Hitchcock's Heirs v. U.S. Bank of Penn., 7 Ala. 386 (1845).
“ ‘It is annexed to the will, and in law the will and codicils — if there be more than one — constitute but one instrument.’ Id. at 437.”
(Citations omitted.) The complaint, which challenges the will, can properly be construed as including the codicil, given Alabama case law and the order probating both the will and the codicil.
Green next argues there was insufficient evidence to support the jury verdict on either lack of testamentary capacity or undue influence. In Crump v. Moss, 517 So.2d 609 (Ala.1987), this Court held:
“Because the jury personally evaluates the evidence, the witnesses, and the credibility of each, once the jury has reached a verdict based on the evidence, we give that verdict great credence and there is a very strong presumption in favor of upholding the jury verdict. Mahoney v. Forsman, 437 So.2d 1030 (Ala.1983). As this Court said in Smith v. Moore, 278 Ala. 173, 176 So.2d 868 (1965):
“ ‘It is unimportant that we might have reached a different conclusion on the evidence as shown by the record. We did not see the witnesses nor have a chance to observe the parties first hand. The important consideration is that there is evidence in the record from which the jury could have reached the verdict it rendered. It is conceded by all parties that it is next to impossible to produce direct evidence of the exercise of undue influence over another person. Frequently the best evidence which can be offered for either proponent or contestant is circumstantial, tending only to support inferences which can be drawn therefrom. The Court quite properly submitted these issues to the jury.’ (Emphasis added [in Crump ].)”
517 So.2d at 613. Furthermore, in Fletcher v. DeLoach, 360 So.2d 316, 319 (Ala.1978), this Court stated, “[T]he verdict of the jury cannot be overturned unless shown to be clearly wrong and unjust. The refusal of the trial judge to grant the appellant-proponent’s motion for new trial strengthens this presumption in favor of the verdict.” (Citation omitted.)
We have reviewed the record and find that there was sufficient evidence presented for the issues of lack of testamentary capacity and undue influence to be presented to the jury. Because of the length of the record, we will not attempt to recite all of the evidence submitted on the issues of testamentary capacity and undue influence; however, we find the evidence sufficient and conclude that there has not been a clear showing that the jury verdict was wrong and unjust.
*547 Green next argues that it was error for the trial court to allow Briscoe to give her opinion concerning Maynor’s medical condition. In Wall v. Hodges, 465 So.2d 359, 362 (Ala.1984), this Court held: “We will not reverse the decision of the trial court concerning the qualifications of a non-expert witness to testify about the testator’s mental capacity unless the court’s decision is plainly erroneous.” (Citation omitted.) Prior to allowing Briscoe’s testimony, the trial court heard evidence that Briscoe is a “Board certified” clinical social worker with an undergraduate degree in psychology and master’s degrees in psychiatric social work and healthcare administration and that Briscoe had over 24 years’ experience as a psychiatric social worker treating persons with mental and psychiatric disorders. Furthermore, Briscoe had worked on the psychiatric units of Brook-wood Hospital, Baptist Montclair Hospital, and the Jefferson County Bureau of Mental Health. We find no error in the trial court's allowing Briscoe to testify concerning Maynor’s mental condition.
Green’s final argument concerns the admissibility of certain medical records pertaining to Maynor’s 1968 hospitalization at St. Vincent’s Hospital. Melissa Howard, the custodian of records at St. Vincent’s Hospital, testified that the medical records were kept in the normal course of business; that she was familiar with the normal procedure for keeping medical records at St. Vincent’s Hospital; and that the 1968 records appeared to be kept in the normal course of business. Further, she testified that she recognized handwriting on the records as that of Maynor’s treating physician, Dr. Givhan. The crux of Green’s argument is that the custodian who testified was not present when the record was made in 1968.
In Ikner v. Miller, 477 So.2d 387 (Ala.1985), this Court stated:
“The rule does not require that the person who made the entry be the witness who lays the foundation for the introduction of the record into evidence. Any witness who knows the method used in the business of making records of the kind in question and knows that it was the regular practice of the business to make such records at the time of the event in question or within a specified reasonable time thereafter is competent to lay the foundation by testifying that the exhibit is such a record.”
477 So.2d at 390 (citations omitted). See, also, C. Gamble, McElroy’s Alabama Evidence § 254(2) and (7) (3d ed. 1977), and Code 1975 § 12-21-43. Although Howard was not present in 1968, it is clear from the record that she was knowledgeable about the procedure for maintaining records at St. Vincent’s Hospital within á reasonable time of the making of the 1968 records in question. We do not find the admission of the 1968 medical records to be erroneous.
We, therefore, affirm the trial court’s rulings and its final judgment.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.

. The issues concerning the deeds were not tried with the issues now before this Court. The *545 present appeal is from a judgment made pursuant to Rule 54(b), A.R.Civ.P.